IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES LOUIS RODEN JR., § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 5:26-cv-00054-XR |
| § | |
| ELAINE MICHELLE REAMER, and § | |
| COUNTY OF GUADALUPE, TEXAS § | |
| *Defendants*. § | |

**DEFENDANT ELAINE MICHELLE REAMER'S
MOTION TO DISMISS THE ORIGINAL COMPLAINT
FOR FAILURE TO PROPERLY PLEAD**

TO THE HONORABLE UNITED STATES JUDGE:

Defendant, **Guadalupe County Sergeant Elaine Michelle Reamer** (hereinafter "Sgt. Reamer") now files this Motion to Dismiss Plaintiff James Louis Roden Jr.'s (hereinafter "Plaintiff") Original Complaint pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and would show the Court as follows:

I.  SUMMARY OF THE ARGUMENT

1. Plaintiff's Complaint is not "a short and plain statement." Instead, it is two-hundred and fifty-six (256) pages long. Plaintiff's overwritten complaint does not meet the pleading requirements of Rule 8 and causes an undue burden on this Court and on this Defendant. Perhaps recognizing *sub silentio* that his complaint is a weighty tome, Plaintiff asserts by page 60 that "[t]he length of [his] Complaint does not undermine its sufficiency."

2. But courts in the Western District of Texas dismiss complaints that are "exorbitantly lengthy, rambling, or nonsensical"—particularly where, as here, the Complaint's defects extend beyond length to include excessive cross-references, conclusory and extraneous allegations with no discernible bearing on the claims asserted and references voluminous exhibits.[1]

3. As in *Alanis*, this Court should accordingly dismiss Plaintiff's Complaint without prejudice.[2] In doing so, the Defense respectfully requests that the Court require any an amended complaint to plainly and concisely state each claim and the specific facts supporting it. The Court should also impose reasonable page limitations on any such amended pleading, as well as a relevance requirement on any appendices or exhibits Plaintiff seeks to incorporate, to ensure compliance with Rule 8 and to promote the just, speedy, and inexpensive determination of this action.

---

[1] *Fortman v. Nissan Motor Co., Ltd.*, No. 1-21-CV-660-RP, 2022 WL 2761372, at *2 (W.D. Tex. Mar. 31, 2022); see also *Hall v. Civil Air Patrol, Inc.*, 193 Fed. App'x 298, 299 (5th Cir. 2006).

[2] *Alanis v. U.S. Bank Nat'l Ass'n*, No. SA23CV749FBHJB, 2024 WL 626622, at *2 (W.D. Tex. Jan. 31, 2024), report and recommendation adopted, No. SA-23-CV-749-FB, 2024 WL 845881 (W.D. Tex. Feb. 27, 2024). (dismissing a 265-page long complaint for violating Rule 8).

## II. LEGAL STANDARD

4. Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] Rule 8(d)(1) further demands that each allegation be "simple, concise, and direct."[4] Rule 8 serves two purposes. First, it "[e]liminate[s] prolixity in pleading and . . . achieve[s] brevity, simplicity, and clarity."[5] Second, the requirements of Rule 8(a) compel litigants to file straightforward pleadings "so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."[6]

5. District courts are afforded great leeway in determining whether a party has complied with Rule 8 because they stand "on the firing line [as] the first victims of this paper mill."[7] What qualifies as a "short and plain" statement depends on the type of the case, the relief sought, and the appropriate level of detail necessary to ensure the just and efficient resolution of the matter.[8] Nonetheless, "the law does not require, nor does justice demand, that a judge [] grope through [hundreds of] pages of irrational, prolix and redundant pleadings."[9]

## III. ARGUMENT AND AUTHORITIES

**A. The Court should dismiss Plaintiff's Original Complaint without prejudice because it is not a short and plain statement of Plaintiff's claims.**

6. Plaintiff's Complaint is the antithesis of "brevity, simplicity, and clarity."[10] The Complaint spans 256 pages and contains 655 numbered paragraphs, preceded by 46 pages of unnumbered

---

[3] FED. R. CIV. P. 8(a); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
[4] FED. R. CIV. P. 8(d)(1).
[5] *Fortman*, No. 1-21-CV-660-RP, 2022 WL 2761372, at *1 (quoting *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979)).
[6] *Hall*, 193 Fed. App'x at 299–300 (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).
[7] *Gordon*, 602 F.2d at 744–45.
[8] *See Attwood v. Humble Oil & Refining Co.*, 243 F.2d 885 (5th Cir. 1957).
[9] *Id.* at 746 (quoting *Passic v. State*, 98 F. Supp. 1015, 1016 (E.D. Mich. 1951)).
[10] *See Gordon*, 602 F.2d at 746.

narrative.[11] It asserts seven causes of action.[12] Each count incorporates every preceding paragraph by reference and averages approximately ten pages in length.[13] A complaint this unwieldy fails to comply with Rule 8.

7.	In *Gordon*, the Fifth Circuit found the consolidated complaints consisting of "over 4,000 pages, occupying 18 volumes, and requiring a hand truck to move" should have been dismissed for violating Rule 8.[14] While Plaintiff's complaint may be shorter than the 4,000-page consolidated complaint that the *Gordon* court dismissed, *Gordon* did not set a floor for Rule 8 compliance.[15] Indeed, courts in this circuit frequently dismiss complaints that are similar in length to the one here, especially when they are overly repetitious and difficult to follow.[16]

---

[11] Pl.'s Compl. pgs. 1–256, Dkt. 1.
[12] Pl.'s Compl. pgs. 133–230.
[13] Pl.'s Compl. ¶¶ 285, 324, 363, 416, 451, 481, 505; *RedMeatMedia v. Strategic Am., Inc.*, No. SA-13-CA-347-FB, 2013 WL 12131904, at *10 (W.D. Tex. Nov. 21, 2013), *R. & R. adopted sub nom. Redmeat Media v. Strategic Am., Inc.*, No. SA-13-CA-347-FB, 2014 WL 12589586 (W.D. Tex. Jan. 8, 2014) (finding that plaintiff's complaint failed to comply with the requirements of Rule 8 in part because "[a]pproximately 135 of the 747 numbered paragraphs do nothing more than incorporate other paragraphs by reference, often with little observable purpose").
[14] *Gordon*, 602 F.2d at 744–45.
[15] *Jaser v. AT&T Services Inc.*, No. 3:18-CV-3429-B-BH, 2020 WL 1329151, at *5 (N.D. Tex. Mar. 23, 2020). It should be noted that, without the exhibits and documents that Plaintiff purports to incorporate, the total page number of Plaintiff's Complaint cannot be discerned.
[16] *See, e.g.*, *Jaser*, No. 3:18-CV-3429-B-BH, 2020 WL 1329151, at *5 (dismissing a 180-page complaint because it was excessively lengthy and repetitious and thus in violation of Rule 8); *Kulksdahl v. Chubb Corp.*, No. 16-2990, 2016 WL 4261732, at *1–2 (S.D. Tex. Aug. 12, 2016) (citing *Gordon*, 602 F.2d at 745–76) (dismissing 130-page complaint because of "rambling, scattered arguments and factual allegations which unquestionably" violated Rule 8); *Muniz v. Medtronic, Inc.*, No. A–13–CA–451–SS, 2014 WL 1236314, at *2 (W.D. Tex. Mar. 20, 2014) (dismissing 77-page complaint); *McZeal v. AT&T Corp.*, No. 13–6754, 2014 WL 3166715, at *6 (N.D. Tex. July 7, 2014) (dismissing 57-page complaint "written in an impenetrably dense, jargon-laden, and largely incomprehensible prose" and contained "haphazard combinations of legal terms to make conclusory statements about" the defendants' behavior).

8. Plaintiff states—without reference to authority—that "[l]ength alone is not a basis for dismissal under Rule 8 . . . and no federal rule imposes a page limit or penalizes thorough factual pleading."[17] But in *Fortman*, the Western District of Texas noted that complaints which are "exorbitantly lengthy, rambling, or nonsensical" which are "often filed by pro se litigants" are subject to being dismissed for violating Rule 8's requirements.[18] *Fortman* collected case law, and noted that complaints of excessive length, spanning from 83 pages to 395 pages have been dismissed by other Courts because they were "so lengthy, crammed with so many facts, and alleged so many causes of action that it was practically incapable of being deciphered, much less defended."[19]

9. But here, the defects involved extend far beyond sheer length. The Complaint presents a confusing mixture of prolix narratives regarding clearly extraneous allegations. It is overly repetitious, difficult to follow, argumentative, and replete with conclusory allegations masquerading as factual and legal conclusions.[20] It contains excessive cross-references to other paragraphs within the Complaint, obscuring which facts support which claims.[21] Compounding matters, the Complaint references "more than one hundred exhibits containing emails, recorded statements, affidavits, and official communications" (and selective excerpts thereof).[22] It cites "facts" contained in voluminous exhibits, relies on irrelevant or misleading materials, and includes

---

[17] Pl.'s Compl. ¶ 42 ("The length of this Complaint does not undermine its sufficiency.").
[18] *Fortman*, No. 1-21-CV-660-RP, 2022 WL 2761372, at *2
[19] *Id*. (cleaned up) (citing *Deperio v. Downey Savings & Loan Ass'n F.A.*, 2009 WL 10672415 at *2 (S.D. Cal. Oct. 2, 2009).
[20] *See, e.g.*, Pl.'s Compl. ¶¶ 292, 551.
[21] *See, e.g.*, Pl.'s Compl. ¶¶ 294, 323, 361, 415, 450, 480, 504, 505.
[22] Pl.'s Compl. ¶¶ 43, 214 (citing "Exhibit D-011" and purporting to quote it "verbatim").

allegations with no discernible bearing on the claims asserted.[23] In reality, the pleading is far longer than 256 pages when one accounts for the materials it purports to incorporate by reference.[24]

10.     Despite Plaintiff's assurance that his Complaint is "clear" and "organized," its extraordinary length—and excessive cross-referencing—obscures rather than clarifies the claims asserted. In sum, this creates an unreasonably onerous burden for the Court and this Defendant. It is not the Court's function to sift through hundreds of "mostly unnecessary pages in search of the few kernels of factual material relevant to his claims."[25] As noted by the Seventh Circuit in *Garst* and reiterated by the Fifth Circuit in *Hall*, "[f]ederal judges have better things to do, and the substantial subsidy of litigation should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim."[26]

11.     As such, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

**B.     The Court should require Plaintiff to file an Amended Complaint that plainly and concisely states all of his claims and place reasonable limits Plaintiff's pleadings.**

---

[23] *See, e.g.*, Pl.'s Compl. ¶ 15 (referencing multiple written notices purportedly sent to Guadalupe County officials regarding the alleged constitutional violations and stating emphatically that "[t]hose notices expressly revealed that Sheriff leadership had affirmatively deferred investigative authority to the County Attorney's Office, permitting prosecutors to control investigative direction and factual narratives rather than requiring independent law-enforcement verification of probable cause"); *id.* ¶ 108 (citing a "*Sealed* Exhibit J-002"); *id.* ¶ 129 (citing alleged carrier records "Exhibit R-007" and providing statistical summaries of incoming, outgoing, answered calls between various parties); *id.* ¶ 582 (alleging Plaintiff sent County Sheriff Joshua Ray by certified mail "exculpatory evidence contradicting the April 7 affidavit" and "a copy of Plaintiff's book *Empowered to Advocate*").

[24] *See, e.g.*, Pl.'s Compl. ¶ 590 (purporting to incorporate as "Exhibit L-008" a 53-page Internal Affairs Complaint enclosing more than 100 exhibits).

[25] *See Armstrong v. Tygart*, No. A-12-CA-606-SS, 2012 WL 13071541, at *1–2 (W.D. Tex. July 9, 2012) (dismissing plaintiff's complaint under Rule 8 rather than "sifting through eighty mostly unnecessary pages in search of the few kernels of factual material relevant to his claims").

[26] *Hall*, 193 Fed. App'x at 299–300 (cleaned up) (quoting *Garst*, 328 F.3d at 378).

12.     After dismissal, this Court should require Plaintiff to amend his Complaint.[27] "When a party violates Rule 8, the Court may order them 'to file an amended complaint in compliance with the rules, limit pleadings to a certain number of pages, or dismiss the complaint without prejudice.'"[28]

13.     Accordingly, Defendant respectfully requests that the Court order Plaintiff to file an Amended Complaint that complies with Rule 8 by setting forth a plain and concise statement that clearly identifies Plaintiff's claims and the facts supporting each claim.[29] In doing so, the Court should further impose reasonable page limitations on the Amended Complaint and a relevance requirment on any appendices or exhibits Plaintiff seeks to attach, so as to prevent a recurrence of the same deficiencies and to ensure a manageable and comprehensible pleading.[30]

## IV.   PRAYER

For the reasons set forth herein, Defendant, Guadalupe County Sergeant Elaine Michelle Reamer respectfully requests the Court to dismiss Plaintiff's Complaint without prejudice, and additionally, or in the alternative, order Plaintiff to file and serve an amended complaint that complies with Rule 8, subject to page limitations deemed appropriate by the Court, and to grant Defendant any further relief, at law or equity, to which she may be justly entitled.

---

[27] *Alanis v. U.S. Bank Nat'l Ass'n*, No. SA23CV749FBHJB, 2024 WL 626622, at *3 (W.D. Tex. Jan. 31, 2024), *R. & R. adopted*, No. SA-23-CV-749-FB, 2024 WL 845881 (W.D. Tex. Feb. 27, 2024) (dismissing complaint without prejudice but granting leave to file amended complaint of no more than 25 pages, including exhibits).
[28] *Id.* at *2 (quoting *Desoto Grp., LLC v. Linetec Servs., LLC*, 339 F.R.D. 249, 251 (S.D. Miss. 2021)); *see, e.g.*, *Jaser*, No. 3:18-CV-3429-B-BH, 2020 WL 1329151, at *6 (dismissing complaint without prejudice but granting leave to file amended complaint of no more than 15 pages); *Barnes v. Tumlinson*, 597 Fed. App'x 798, 798–99 (5th Cir. 2015) (limiting length of complaint to 30 pages was not an abuse of discretion); *Cesarani v. Graham*, 25 F.3d 1044 (5th Cir. 1994) (limiting length of complaint to 20 pages).
[29] *See* FED. R. CIV. P. 8(a)(2).
[30] *See Barnes*, 597 Fed. App'x at 799 (holding docket management can include setting prolixity limits on pleadings).

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By: _____/s/ Stephen B. Barron_____
    Stephen B. Barron
    State Bar No. 24109619
    sbarron@w-g.com
    Blair J. Leake
    State Bar No. 24081630
    bleake@w-g.com
**ATTORNEYS FOR DEFENDANTS,**
**ELAINE MICHELLE REAMER AND**
**COUNTY OF GUADALUPE, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2026, a true and correct copy of the foregoing document was caused to be served upon parties of record via E-File/E-Service/EMail, in accordance with the Federal Rules of Civil Procedure. Additionally, a copy of this Motion has been sent by Certified Mail Return Receipt Requested to the last known address of this *pro se* plaintiff as follows:

**James Louis Roden Jr.**
1005 Beaumont Street
League City, Texas 77573
Phone: (210) 482-0802
Email: jroden3@wgu.edu
*Plaintiff*

    _____/s/ Stephen B. Barron_____
    Stephen B. Barron