FILED

MAR 0 2 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JAMES LOUIS RODEN JR.,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: 5:26-cv-00054-XR |
| | § | |
| **Elaine Michelle Reamer** | § | |
| in her individual capacity, | § | |
| | § | |
| and | § | |
| | § | |
| **COUNTY OF GUADALUPE, TEXAS,** | § | |
| Defendants. | § | |

**Plaintiff's Response to Defendant Reamer's Rule 8 Motion to Dismiss**

## I. INTRODUCTION

1.    Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 8, arguing that the pleading is excessively lengthy and therefore fails to provide a "short and plain statement" of the claims.

2.    Respectfully, the motion mischaracterizes both the structure and substance of the Complaint.

3.      Rule 8 does not impose a page limitation. It requires a statement sufficient to give

fair notice of the claims and the grounds upon which they rest.

4.      Plaintiff's Complaint satisfies that standard. It is organized chronologically,

divided into clearly labeled sections, and structured into separately pleaded counts that

identify the specific constitutional provisions invoked and the specific defendants against

whom each claim is asserted.

5.      This case involves multiple constitutional claims arising from a complex sequence

of events, including claims for false arrest under *Franks v. Delaware*, malicious

prosecution and continued seizure under *Manuel v. City of Joliet*, First Amendment

retaliation, ADA retaliation, and municipal liability under *Monell*.

6.      Because Defendant has asserted or is expected to assert qualified immunity,

Plaintiff was required to plead specific, non-conclusory facts demonstrating violations of

clearly established constitutional rights.

7.      The level of factual detail in the Complaint reflects that requirement and is

necessary to permit meaningful judicial review at the Rule 12 stage.

8.      The factual background is presented chronologically, beginning with the initial

investigation and proceeding through the arrest, bond conditions, post-arrest exculpatory

evidence, and ultimate declination of prosecution.

9.      Each count separately identifies the governing legal standard, the elements of the

claim, and the specific factual allegations supporting those elements.

10.     The Complaint does not lump defendants together indiscriminately, does not rely on vague collective allegations, and does not obscure which facts support which causes of action.

11.     While the Complaint is lengthy, its length reflects the number of constitutional claims asserted, the volume of documentary evidence referenced, and the need to plead with sufficient specificity to overcome qualified immunity.

12.     Length alone does not render a complaint noncompliant with Rule 8 where the pleading is organized, intelligible, and element-driven.

13.     Dismissal under Rule 8 is therefore unwarranted.

14.     In the alternative, should the Court determine that any portion of the Complaint would benefit from further clarification or streamlining, Plaintiff respectfully requests leave to amend.

15.     Plaintiff is proceeding pro se and has made a good-faith effort to comply with federal pleading standards while presenting a factually detailed record necessary for constitutional review.

16.     For these reasons, Defendant's Rule 8 Motion should be denied.

## II. LEGAL STANDARD UNDER RULE 8

### A. Rule 8 Requires Clarity, Not Brevity Alone

17.     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

18.     The purpose of Rule 8 is to ensure that a complaint provides fair notice of the claims and the grounds upon which they rest. It does not impose a numerical page limit or require the omission of necessary factual detail.

19.     Courts evaluating Rule 8 challenges consider whether the pleading is intelligible, organized, and sufficient to allow the defendant to frame a responsive pleading—not whether the complaint could have been written in fewer pages.

20.     Length alone is not a basis for dismissal under Rule 8 where the complaint is structured, chronological, and element-driven.

21.     The cases cited by Defendant in support of dismissal involve pleadings that were incoherent, rambling, conclusory, or impossible to decipher—often described by courts as "shotgun pleadings."

22.     A shotgun pleading typically fails to separate claims by count, incorporates all prior allegations into each successive claim without distinction, or makes vague collective allegations against multiple defendants without specifying conduct.

23.     Plaintiff's Complaint does not suffer from those defects. Each count is separately pleaded, identifies the specific constitutional provision invoked, names the defendant against whom the claim is asserted, and sets forth factual allegations tied to the elements of that claim.

24.     The factual background is organized chronologically and is presented in clearly labeled sections, allowing the Court and Defendants to understand the sequence of events leading to the arrest and subsequent proceedings.

25.      The Complaint does not require Defendants to speculate as to which facts support which claims, nor does it rely on conclusory assertions devoid of factual support.

26.      To the contrary, the Complaint provides detailed factual allegations—supported by specific dates, recordings, affidavits, and documented communications—precisely because qualified immunity requires factual specificity at the pleading stage.

27.      Dismissing a structured and intelligible complaint solely because it is lengthy would elevate form over substance and conflict with the notice-pleading principles underlying Rule 8.

## B. Pro Se Pleadings Are Liberally Construed

28.      It is well established in the Fifth Circuit that pleadings filed by pro se litigants are to be liberally construed and held to less stringent standards than formal pleadings drafted by attorneys.

29.      Courts are instructed to interpret pro se complaints with flexibility to ensure that potentially meritorious constitutional claims are not dismissed due to technical imperfections in drafting.

30.      Plaintiff is proceeding pro se and has made a good-faith effort to comply with the Federal Rules of Civil Procedure by organizing the Complaint into clearly labeled sections and separately pleaded counts.

31.      Plaintiff has also disclosed a documented disability and requested reasonable accommodation in the course of these proceedings, further supporting the need for reasonable procedural flexibility consistent with federal law.

32.     The Complaint reflects a deliberate effort to present a comprehensive, chronological account of the events giving rise to Plaintiff's constitutional claims while identifying the specific legal elements applicable to each count.

33.     To the extent the Court determines that further clarification or streamlining would assist in case management, the appropriate remedy is leave to amend rather than dismissal.

34.     Accordingly, when construed liberally and evaluated under the proper Rule 8 standard, Plaintiff's Complaint provides fair notice of the claims and satisfies federal pleading requirements.

## III. THE COMPLAINT IS NOT A SHOTGUN OR UNINTELLIGIBLE PLEADING

### A. The Complaint Is Chronologically Organized

35.     Defendant characterizes the Complaint as "prolix," "rambling," and "impossible to decipher." That characterization is inaccurate when the pleading is reviewed as structured.

36.     The factual background section of the Complaint is presented in chronological order, beginning with the initial investigative events in early 2024 and proceeding through the arrest, bond conditions, post-arrest proceedings, and ultimate declination of prosecution.

37.     The Complaint identifies specific dates for key events, including the April 4, 2024 interview, the November 15, 2024 affidavit, the January 31, 2025 recantation affidavit, the March 18, 2025 recorded call, the April 1, 2025 mandated report, the April 7, 2025

arrest-warrant affidavit, the June 18, 2025 bond hearing, the June 4, 2025 receipt of
sworn exculpatory affidavit, and the July 18, 2025 declination of prosecution.

38.      Each major factual development is grouped within clearly labeled sections that
correspond to identifiable phases of the investigation and prosecution.

39.      The narrative proceeds sequentially from pre-arrest investigation to arrest, to post-
arrest developments, to dissipation of probable cause, and finally to termination of
criminal proceedings.

40.      There are no unrelated factual digressions inserted randomly into the pleading.
Rather, each section advances the timeline necessary to understand the constitutional
claims asserted in Counts I through VII.

41.      The structure of the Complaint ensures that a reader can trace the progression of
events leading to Plaintiff's arrest and subsequent prosecution without guessing at
chronology or relevance.

42.      The chronological presentation is especially important in a case involving
allegations of false arrest, malicious prosecution, and retaliatory timing, because temporal
sequence is itself a material element of the claims.

43.      By organizing the factual background in linear, date-specific order, the Complaint
provides clarity rather than confusion and allows Defendants to understand precisely
when each alleged constitutional violation occurred.

44.      The Complaint therefore satisfies Rule 8's requirement of intelligibility and fair
notice with respect to the sequencing of events.

**B. Each Count Is Separately Pleaded and Tied to Specific Defendants**

45.        Defendant suggests that the Complaint functions as an impermissible "shotgun pleading." That characterization is not supported by the structure of the pleading.

46.        The Complaint transitions from factual background to clearly delineated causes of action beginning at page 133. See Plaintiff's Complaint at 133–168

47.        Each count is separately labeled and identifies the specific constitutional or statutory provision under which relief is sought, including the Fourth Amendment, First Amendment, ADA Title V, Section 504 of the Rehabilitation Act, and municipal liability under *Monell*.

48.        Each count expressly identifies the defendant against whom the claim is asserted, distinguishing between claims against Defendant Reamer in her individual capacity and claims against Guadalupe County.

49.        The counts do not lump all defendants together indiscriminately. Rather, each claim is directed to a specific defendant or clearly identified group of defendants.

50.        Within each count, Plaintiff sets forth the governing legal standard, enumerates the elements of the claim, and then identifies the factual allegations that satisfy those elements.

51.        The Complaint does not rely on vague or collective assertions such as "Defendants did X" without specification. Instead, it attributes conduct to named actors and ties that conduct to the relevant constitutional theory.

8

52.      Although each count incorporates prior factual paragraphs by reference, such incorporation is standard federal pleading practice and does not create confusion here.

53.      The incorporated factual background is chronological and organized, allowing the Court and Defendants to understand how earlier allegations support later claims.

54.      The incorporation language does not collapse distinct causes of action into one undifferentiated mass. Rather, the incorporated facts are then specifically applied to the legal elements identified within each count.

55.      Courts routinely permit incorporation by reference where, as here, the pleading remains organized and intelligible and the counts are clearly separated.

56.      Defendant has not identified any specific paragraph within any count that renders the claim incomprehensible or prevents a responsive pleading.

57.      Because the Complaint separately pleads each cause of action, identifies the applicable constitutional provision, names the responsible defendant, and ties supporting facts to the elements of each claim, it does not constitute a shotgun or unintelligible pleading under Rule 8.

## C. Defendants and Counts Are Clearly Identified

58.      Defendant's Rule 8 motion suggests that the Complaint fails to clearly identify which claims apply to which defendants. The structure of the pleading demonstrates otherwise.

59.      Each count is separately titled and expressly identifies the constitutional or statutory basis for the claim.

60.     Each count also explicitly states the defendant against whom the claim is asserted.

61.     Count 1, titled "Unlawful Seizure and False Arrest," is brought under the Fourth Amendment and 42 U.S.C. § 1983 and is asserted solely against Defendant Sergeant Elaine M. Reamer in her individual capacity.

62.     Count 2, titled "Due Process Violation: Fabrication and Suppression of Evidence," is brought under the Fourteenth Amendment and § 1983 and is asserted solely against Defendant Sgt. Elaine M. Reamer in her individual capacity.

63.     Count 3, titled "Malicious Prosecution," is brought under the Fourth Amendment (as incorporated through the Fourteenth Amendment) and § 1983 and is asserted solely against Defendant Sgt. Elaine M. Reamer in her individual capacity.

64.     Count 4, titled "First Amendment Retaliation," is brought under § 1983 and is asserted solely against Defendant Sgt. Elaine M. Reamer in her individual capacity.

65.     Count 5, titled "Retaliation Under ADA Title V and Section 504," is brought under 42 U.S.C. § 12203 and 29 U.S.C. § 794 and is asserted solely against Defendant Guadalupe County, Texas.

66.     Count 6, titled "Equal Protection (Selective and Retaliatory Enforcement)," is brought under the Fourteenth Amendment and § 1983 and is asserted solely against Defendant Sergeant Elaine M. Reamer in her individual capacity.

67.     Count 7, titled "Municipal Liability Under Monell," is brought under § 1983 and is asserted solely against Defendant Guadalupe County, Texas.

68.     The Complaint therefore does not assert claims indiscriminately against all defendants. Instead, each cause of action clearly identifies whether it is directed to Defendant Reamer in her individual capacity or to Guadalupe County under a municipal liability theory.

69.     The pleading does not rely on vague collective references such as "Defendants" without specification. Where conduct is attributed, it is attributed to a named actor, and where municipal liability is asserted, it is expressly labeled as such.

70.     This structure allows each defendant to determine precisely which claims are directed at them and to frame a responsive pleading accordingly.

71.     Because each count is separately pleaded, clearly labeled, and tied to a specific defendant and legal theory, the Complaint does not constitute a shotgun or collective pleading under Rule 8.

## D. Factual Allegations Are Specific, Date-Based, and Supported by Identifiable Evidence

72.     Defendant's motion suggests that the Complaint is argumentative and conclusory. The record demonstrates the opposite.

73.     The Complaint pleads specific, date-based factual allegations supported by identifiable documentary materials.

74.     The factual narrative identifies the April 4, 2024 interview, the November 15, 2024 affidavit, the January 31, 2025 recantation affidavit, the March 18, 2025 recorded telephone call, the April 1, 2025 mandated report, the April 7, 2025 arrest-warrant affidavit, the June 18, 2025 bond hearing testimony, the June 4, 2025 receipt of a sworn exculpatory affidavit, and the July 18, 2025 declination of prosecution.

75.      The Complaint references sworn affidavits executed by named individuals and identifies the substance of those affidavits, including contradictions and recantations relevant to probable cause.

76.      The Complaint references a recorded March 18, 2025 telephone call in which statements were made concerning the truthfulness of prior affidavits and the absence of firsthand knowledge.

77.      The Complaint references a notarized verification letter and notary log confirming execution of a November 15, 2024 affidavit, directly contradicting later sworn testimony denying its existence.

78.      The Complaint identifies specific bond conditions imposed upon Plaintiff, including no-contact restrictions and travel limitations, and alleges the dates on which those restrictions remained in effect.

79.      The Complaint references certified correspondence sent to the Sheriff and County officials, including the date of mailing and receipt, thereby documenting notice of alleged investigative defects prior to the continuation of prosecution.

80.      These allegations are not general accusations of wrongdoing; they are tied to specific documents, specific recordings, specific sworn statements, and specific dates.

81.      The Complaint therefore provides factual detail sufficient to allow Defendant to admit, deny, or otherwise respond to each allegation. Defendant has not asserted an inability to admit or deny any specific allegation in the Complaint.

82.     The pleading does not rely on bare legal conclusions divorced from factual content. Instead, it sets forth concrete allegations that, if proven, would establish violations of clearly established constitutional rights.

83.     The level of detail provided is particularly appropriate in a case where qualified immunity is anticipated, as the Fifth Circuit requires plaintiffs to plead specific facts showing the violation of clearly established law.

84.     Because the Complaint identifies who did what, when it occurred, what documents were involved, and how those facts relate to the elements of each constitutional claim, it cannot fairly be characterized as conclusory or unintelligible under Rule 8.

## IV. DEFENDANT MISCHARACTERIZES THE COMPLAINT

## A. "Exorbitantly Lengthy" Does Not Equal Noncompliant

85.     Defendant repeatedly characterizes the Complaint as "exorbitantly lengthy" and implies that its length alone renders it noncompliant with Rule 8.

86.     Length, however, is not the legal standard under Rule 8. The rule requires a "short and plain statement" sufficient to provide fair notice—not a mechanically brief statement devoid of necessary factual detail.

87.     Defendant cites cases involving extraordinarily excessive or incoherent pleadings in support of dismissal. Those cases are materially distinguishable.

88.     In *Gordon v. Green*, for example, the pleading at issue reportedly exceeded 4,000 pages and was described as incomprehensible and unmanageable. The court's dismissal

in that case was based on sheer magnitude and lack of intelligibility, not merely on

length.

89.     The Complaint in this case is approximately 256 pages, contains organized

sections, and is divided into clearly labeled counts beginning at page 133. It bears no

resemblance to the extreme circumstances present in *Gordon*.

90.     Defendant also cites *Alanis v. Texas*, in which a 265-page complaint was

dismissed because it was described as rambling, conclusory, and incoherent. In that case,

the court found that the pleading failed to clearly identify claims, defendants, or

supporting factual bases.

91.     By contrast, Plaintiff's Complaint is structured chronologically, separates factual

background from legal claims, and clearly delineates each count, the constitutional

provision invoked, and the specific defendant against whom the claim is asserted.

92.     The Complaint does not consist of stream-of-consciousness narrative, rhetorical

argument, or unintelligible allegations. Rather, it presents date-specific events, identifies

documentary materials, and ties those materials to the legal elements of each claim.

93.     Defendant does not identify a single paragraph within any count that is

incomprehensible, contradictory, or incapable of being answered.

94.     Courts routinely recognize that complex civil rights cases—particularly those

involving multiple constitutional theories, qualified immunity defenses, and municipal

liability—may require detailed factual pleading.

95.     The presence of multiple claims under the Fourth Amendment, First Amendment, Fourteenth Amendment, ADA Title V, and Monell necessarily increases the length of the pleading because each claim must be factually supported and element-specific.

96.     Defendant's suggestion that the Complaint is noncompliant simply because it is detailed improperly conflates verbosity with incoherence.

97.     The Complaint is decipherable. It is structured. It is chronological. It identifies defendants and claims. It provides sufficient factual detail to allow Defendants to prepare a response.

98.     Rule 8 does not authorize dismissal merely because a complaint is thorough.

99.     To the extent Defendant argues that the Complaint contains more detail than necessary, that argument sounds in case management and amendment—not dismissal.

100.     Accordingly, Defendant's reliance on cases involving incoherent or unmanageable pleadings does not support dismissal here.

**B. Incorporation by Reference Is Permitted and Does Not Create Confusion**

101.     Defendant argues that the Complaint's incorporation of prior paragraphs renders it a "shotgun pleading." That contention misstates both federal pleading practice and the structure of this Complaint.

102.     Incorporation by reference is a standard and accepted practice in federal civil litigation. Courts routinely permit a complaint to incorporate previously pleaded factual allegations into subsequent counts where those allegations provide context or support for the elements of a claim.

103.     A pleading becomes problematic only when incorporation is indiscriminate and renders it impossible to determine which facts support which claim.

104.     That is not the case here.

105.     In this Complaint, the factual background is presented in chronological order and then incorporated into separately pleaded counts that expressly identify the governing legal standard and the elements of each claim.

106.     Each count then applies the incorporated facts to the specific constitutional violation alleged, rather than leaving the reader to guess how the prior allegations relate to the legal theory.

107.     The incorporation language does not collapse distinct causes of action into one undifferentiated claim. Instead, it avoids unnecessary repetition while preserving clarity and structure.

108.     Defendant has not identified any specific count that is rendered incomprehensible by incorporation, nor has Defendant demonstrated any inability to frame a responsive pleading.

109.     Because the Complaint's incorporation is organized, logical, and tied to clearly delineated counts, it does not constitute a shotgun pleading under Rule 8.

## C. References to Exhibits Do Not Violate Rule 8

110.     Defendant further suggests that references to numerous exhibits contribute to noncompliance with Rule 8.

111.    The inclusion of documentary exhibits in support of factual allegations is not prohibited by the Federal Rules of Civil Procedure.

112.    In complex civil rights cases, exhibits such as affidavits, recordings, bond conditions, certified correspondence, and official records are frequently referenced to provide context and specificity.

113.    In this Complaint, exhibits are cited as documentary support for factual allegations; they do not replace factual pleading.

114.    The factual allegations themselves are stated within the body of the Complaint and are supported by references to identifiable documents where appropriate.

115.    The exhibits serve to clarify and substantiate the chronology and content of the allegations, not to obscure them.

116.    Defendant does not contend that the exhibits are illegible, irrelevant, or unrelated to the claims asserted.

117.    The mere fact that documentary materials are referenced does not render a pleading unintelligible or noncompliant with Rule 8.

118.    To the extent the Court determines that case management would benefit from streamlined presentation of exhibits, that issue may be addressed through scheduling or amendment—not dismissal.


## V. QUALIFIED IMMUNITY REQUIRES FACTUAL SPECIFICITY

119.     Defendant's Rule 8 motion overlooks a critical procedural reality: Defendant is a law-enforcement officer who is entitled to assert qualified immunity.

120.     When qualified immunity is implicated, the pleading burden on a plaintiff is not diminished—it is heightened.

121.     The Fifth Circuit has repeatedly held that a plaintiff must plead specific, non-conclusory factual allegations demonstrating the violation of a clearly established constitutional right in order to overcome qualified immunity at the motion-to-dismiss stage.

122.     Conclusory allegations are insufficient; the complaint must set forth concrete facts showing what the officer did, what information was known at the time, and how that conduct violated clearly established law.

123.     In cases involving alleged false arrest under *Franks v. Delaware*, malicious prosecution under *Manuel v. City of Joliet*, and retaliatory arrest under *Nieves v. Bartlett*, courts require detailed factual allegations concerning omitted evidence, contradictory statements, and the chronology of events.

124.     Plaintiff's Complaint provides precisely that level of specificity.

125.     The pleading identifies the exact date of the arrest-warrant affidavit, the contents of that affidavit, the documentary materials allegedly omitted, the March 18, 2025 recorded telephone call, the notarized verification of a disputed affidavit, the sworn exculpatory statement received on June 4, 2025, and the dates on which bond restrictions remained in effect.

126.     Plaintiff further identifies the statutory elements of Texas Penal Code § 36.05 and

alleges how the omitted materials negate the essential element of corrupt intent.

127.     Such factual detail is not superfluous; it is necessary to satisfy the plausibility

standard articulated in *Twombly* and *Iqbal* and to overcome the qualified immunity

defense.

128.     Stripping the Complaint of the factual specificity Defendant now characterizes as

"excessive" would undermine the Court's ability to evaluate whether the pleaded

constitutional violations are plausible under clearly established law.

129.     Courts caution against dismissing detailed constitutional pleadings prematurely

where the allegations, if true, would establish violations of clearly established rights.

130.     In civil rights cases against individual officers, courts recognize that plaintiffs

must often plead documentary details, timelines, and contradictions in order to

demonstrate that the officer's conduct was objectively unreasonable.

131.     The factual density of Plaintiff's Complaint reflects this legal requirement.

132.     The Complaint does not rely on broad accusations or general grievances; it

identifies specific actions by Defendant Reamer, specific omissions in the warrant

affidavit, and specific exculpatory materials allegedly ignored.

133.     Defendant's request to dismiss the Complaint under Rule 8 for including detailed

factual allegations would undermine the specificity required in qualified immunity cases.

134.     Rule 8 should not be used to force a plaintiff to plead constitutional claims with

less specificity than governing precedent requires.

135.    Because the Complaint provides detailed, date-specific, and element-driven allegations necessary to evaluate qualified immunity, its length reflects legal necessity rather than noncompliance.

136.    Accordingly, Defendant's Rule 8 motion should be denied.

## VI. IN THE ALTERNATIVE – LEAVE TO AMEND

137.    Plaintiff respectfully maintains that the Complaint satisfies the requirements of Rule 8 for the reasons set forth above.

138.    However, should the Court determine that any portion of the Complaint would benefit from clarification, reorganization, or streamlining, Plaintiff respectfully requests leave to amend rather than dismissal.

139.    Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend when justice so requires.

140.    The Fifth Circuit has repeatedly recognized that dismissal with prejudice is a severe remedy and that plaintiffs—particularly in civil rights actions—should ordinarily be afforded an opportunity to cure perceived pleading deficiencies.

141.    Plaintiff is proceeding pro se and has made a good-faith effort to comply with the Federal Rules of Civil Procedure while presenting a factually detailed record necessary to support constitutional claims against a law-enforcement officer asserting qualified immunity.

142.    If the Court believes that any aspect of the Complaint is unnecessarily verbose or capable of being presented more concisely, Plaintiff respectfully requests guidance

regarding the specific areas of concern so that any amendment may be tailored appropriately.

143.     Plaintiff further respectfully submits that imposing a strict page limitation at the pleading stage may inadvertently restrict the ability to plead the particularized factual detail required to overcome qualified immunity.

144.     In cases involving qualified immunity, plaintiffs must allege specific, non-conclusory facts demonstrating the violation of clearly established constitutional rights. Artificial constraints on factual development may prevent meaningful judicial review of those claims.

145.     The detailed factual allegations contained in the Complaint—including date-specific events, sworn affidavits, recorded communications, notarized documents, and documented correspondence—were included to satisfy that heightened pleading burden rather than to burden the Court or Defendants.

146.     Plaintiff therefore respectfully requests that, if amendment is ordered, any guidance provided by the Court account for the need to plead sufficient factual detail to permit proper adjudication of the qualified immunity defense.

147.     Dismissal without an opportunity to amend would not serve the interests of justice where the claims are element-based, supported by specific factual allegations, and directed to clearly identified defendants.

148.     Accordingly, in the alternative, Plaintiff respectfully requests leave to amend without prejudice should the Court determine that amendment would facilitate efficient case management.

## VII. CONCLUSION

149.     For the foregoing reasons, Defendant's Motion to Dismiss under Rule 8 should be

denied.

150.     The Complaint provides a structured, chronological, and element-based statement

of Plaintiff's constitutional claims, identifies the specific defendants against whom each

count is asserted, and alleges sufficient factual detail to permit a meaningful response and

judicial review.

151.     In the alternative, should the Court determine that any portion of the Complaint

would benefit from clarification or streamlining, Plaintiff respectfully requests leave to

amend without prejudice and with appropriate guidance.

152.     Plaintiff respectfully requests such other and further relief to which he may be

justly entitled.

Respectfully submitted,

James Louis Roden Jr.
1005 Beaumont Street
League City, Texas 77573
Telephone: (210) 482-0802
Email: jroden3@wgu.edu
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>27th</u> day of February, 2026, a true and correct copy of the foregoing Response to Defendant's Motion to Dismiss was served upon counsel of record for Defendants in accordance with the Federal Rules of Civil Procedure by depositing the same in the United States Mail, certified mail return receipt requested, addressed as follows:

Stephen B. Barron
Blair J. Leake
WRIGHT & GREENHILL, P.C.
4700 Mueller Blvd., Suite 200
Austin, Texas 78723

and by email to:

sbarron@w-g.com
bleake@w-g.com

James Louis Roden Jr.

Dear District Clerk,

Inclosed are two separate filings for two separate cases. One is for James Louis Roden Sr and the other is for James Louis Roden Jr. The case numbers are on the Response to the Motion to Dismiss. Thank you for your help and understanding.

Thank you,
James Louis Roden Sr.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

FLAT RATE ENVELOPE
POSTAGE REQUIRED

  

**FROM:**

James Roden Jr. & Sr.
1555 Tahoe Ct.
League City TX 77573

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F ® U.S. Postal Service; July 2022; All rights reserved.

UNITED STATES
POSTAL SERVICE        **Retail**

**P**   **US POSTAGE PAID**
**$11.95**        Origin: 77573
                  02/27/26
                  4850300573-34

**PRIORITY MAIL®**

0 Lb 8.60 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 03/03/26

C009

SHIP
TO:
262 W NUEVA
SAN ANTONIO TX 78207-4529

**USPS TRACKING® #**

9505 5114 4609 6058 5440 58

**TO:**

U.S. District Clerk's Office
262 West Nueva St
San Antonio TX 78207

**RECEIVED**

MAR - 2 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

CV-1
CV-4



