UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-26-CA-00054-XR |
| | § | |
| ELAINE MICHELLE REAMER, | § | |
| COUNTY OF GUADALUPE, TEXAS, | § | |
| *Defendants* | § | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant Sergeant Elaine Michelle Reamer's motion to dismiss Plaintiff's complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a)(2) (ECF No. 7), Plaintiff's response (ECF No. 9), and Defendant's reply (ECF No. 10). After careful consideration, the Court issues the following order.

## BACKGROUND[1]

In January 2026, *pro se* Plaintiff James Louis Roden, Jr. initiated this civil rights action by filing a 256-page complaint containing 655 numbered paragraphs (ECF No. 1), along with 300 pages of sealed exhibits (ECF No. 1-4), against Sergeant Reamer and Guadalupe County.

Generally, Plaintiff, a longtime public-school teacher, minister, and state-mandated reporter[2], alleges that he was wrongfully arrested for felony witness tampering in retaliation for reporting that his intellectually-disabled, adult niece, S.J.K., was being sexually abused. *See* ECF No. 1 at 13–14.

---

[1] These facts are drawn from the allegations in Plaintiff's original complaint (ECF No. 1) and are taken as true for the purposes of this order.
[2] The Court interprets this phrase to mean that because Plaintiff is a teacher that he must report suspected child abuse allegations, elder abuse, or abuse of individuals with disabilities to law enforcement or governmental agencies.

In January 2024, Plaintiff learned that S.J.K. was pregnant. S.J.K. was then living with her mother—and Plaintiff's sister—Jamie Renee Walker,[3] and stepfather, Michael Allen Walker. Plaintiff submitted reports to law enforcement and Adult Protective Services that both Jamie and Michael should be investigated. *Id.* at 13. In the months that followed, S.J.K. told Plaintiff that her mother was innocent and had also been a victim of Michael's physical abuse, threats, and coercion. *Id.* at 13–14. Plaintiff forwarded these statements to the authorities. *Id.* at 14.

When law enforcement initially characterized the relationship between S.J.K. and her stepfather as "consensual," Plaintiff helped his family obtain an independent neuropsychological evaluation of S.J.K.'s ability to consent. *Id.* In May 2024, Dr. Daniel Sanders produced an assessment confirming that S.J.K.'s intellectual and developmental disabilities impaired her ability to consent or navigate coercive environments. *Id.* The Guadalupe County Attorney's Office ("GCAO") later relied on this report to elevate charges in a sexual assault prosecution. *Id.*

In late 2024 and early 2025, Plaintiff provided the GCAO with disability records, sworn statements, recorded interviews, and other written correspondence containing S.J.K.'s disclosures. *Id.* He repeatedly advised prosecutors that S.J.K. required ADA accommodations, the appointment of a guardian ad litem, and more consistent communication. *Id.*

In April 2025, Plaintiff learned that S.J.K. had again become pregnant, this time while residing with her brother, Cody Lane Koelle, a convicted felon. *Id.* at 15. On April 1, 2025, Plaintiff submitted a new report to authorities, including a recording in which Koelle acknowledged that S.J.K. was being "used for sex" inside the home and had been impregnated by another adult with extensive criminal history living inside the home. *Id.* [4]

---

[3] Plaintiff also appears to suggest that his sister, Jamie Renee Walker, has intellectual disabilities. *See* ECF No. 1 at 19 (describing his father, James Roden, Sr. as "financing the care and legal representation of his Intellectually Disabled daughter, Jamie Renee Walker.").

[4] Plaintiff expressly invoked his right to confidentiality in his April 1, 2025 report. *See* Tex. Fam. Code § 261.101(d)

Koelle had, in November 2024, signed an affidavit confirming that Michael Walker was responsible for S.J.K.'s pregnancy and had abused both S.J.K. and her mother. *Id.* at 14, 22. In January 2025, however, Koelle signed a new affidavit recanting his earlier statements and asserting that his signature on the November 2024 affidavit had been forged. *Id.* This statement was allegedly forwarded from Michael Walker's defense attorney to the GCAO to Sgt. Reamer. *Id.* at 19. According to Plaintiff, Koelle admitted on a recorded phone call in March 2025 that he had been pressured by Guadalupe prosecutors to change his testimony. *Id.* at 14. Plaintiff also shared this recording with the GCAO. *Id.* at 14–15.

Plaintiff alleges that no investigation of S.J.K.'s second pregnancy has ever taken place. *Id.* at 15. Instead, on April 7, 2025, six days after reporting that S.J.K. was being exploited in her brother's home, Plaintiff was arrested for first-degree tampering with a witness. *Id.* at 16–17. So was his father, James Louis Roden, Sr.—a 77-year-old, bedridden, wheelchair-bound, retired U.S. Army Master Sergeant, with no criminal history, and a limited ability to move or even speak independently. *Id.* at 17–18. Plaintiff was accused of coercing S.J.K. into recanting allegations against her mother. Plaintiff's father was accused of threatening Koelle in an effort to influence his statements based on his 2025 recantation, despite significant reasons to doubt Koelle's credibility—including multiple arrests for filing false police reports and a conviction for impersonating a police officer. *Id.* at 19.

Plaintiff alleges that, without interviewing any knowledgeable witness, Sgt. Reamer selectively extracted portions of his communications, stripped them of context, ignored exculpatory materials in the GCAO's possession, and used those fragments in affidavits seeking the arrest warrants. Two days after his arrest, Plaintiff was terminated from his teaching position.

---

("[T]he identity of an individual making a report under this chapter is confidential[.]"). Still, three days after his report—and just three days before his arrest—GCAO officials disclosed Plaintiff's identity to S.J.K. ECF No. 1 at 26.

3

The complaint asserts seven causes of action: (1) false arrest in violation of the Fourth Amendment; (2) fabrication of evidence in violation of the Fourteenth Amendment; (3) malicious prosecution; (4) First Amendment retaliation; (5) ADA retaliation; (6) equal protection violations; and (7) *Monell* municipal liability against Guadalupe County. ECF No. 1 at 133–230.

**DISCUSSION**

## I.      Legal Standard

"The Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), 'and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007). Courts have held that the "underlying purpose of Rule 8" is to "[e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979).

Accordingly, when a complaint "is not only of an unwieldy length, but . . . also largely unintelligible," *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007), courts, including courts in this Circuit, have deemed dismissal under Rule 8 appropriate. *See, e.g.*, *Alanis v. U.S. Bank Nat'l Ass'n*, No. SA-23-CV-749-FB-HJB, 2024 WL 626622, at \*2 (W.D. Tex. Jan. 31, 2024), *adopted*, 2024 WL 845881 (W.D. Tex. Feb. 27, 2024) (dismissing a 265-page long complaint for violating Rule 8); *Jaser v. AT&T Servs. Inc.*, No. 3:18-CV-3429-B-BH, 2020 WL 1329151, at \*5 (N.D. Tex. Mar. 23, 2020) (collecting cases and dismissing 180-page complaint as excessively lengthy and repetitious in violation of Rule 8); *see also, e.g.*, *Deperio v. Downey Savings & Loan Ass'n F.A.*, No. 09cv446-MMA(AJB), 2009 WL 10672415, at \*2 (S.D. Cal. Oct. 2, 2009) (finding that the 395-page complaint was "so lengthy, crammed with so many facts, and allege[d] so many causes of action that it [was] practically incapable of being deciphered, much

4

less defended"); *Mann v. Boatright*, 477 F.3d 1140, 1143 (10th Cir. 2007) (finding the 83-page complaint violated Rule 8 on account of its "unintelligibility").

## II.    Analysis

The Court notes that Plaintiff is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

However, this liberal construction does not excuse failure to comply with basic pleading requirements or allow complaints that are incomprehensible or fail to provide fair notice. Courts "will not act as plaintiff's de facto attorney or rewrite a deficient complaint" for *pro se* plaintiffs. *Vanderbol v. State Farm Mut. Auto Ins. Co.*, No. 4:19-CV-119-SDJ-KPJ, 2020 WL 7327996, at *4–5 (E.D. Tex. Sept. 1, 2020), *adopted in part*, 2020 WL 6866393 (E.D. Tex. Nov. 23, 2020), *aff'd*, No. 20-40875, 2021 WL 2577611 (5th Cir. Mar. 1, 2021). The *pro se* standard does not require "Defendants and the Court to sift through [hundreds of pages] of text to ascertain the claims and factual allegations Plaintiff[ is] attempting to assert." *Id.*[5]

The Pro Se Manual[6] available on the Court's website advises *pro se* plaintiffs that:

> Each allegation should be set forth in a separate, short, clearly written paragraph. This should be a short and plain statement of the claim showing why you, the pro se plaintiff, are entitled to the relief you request.

---

[5] *See also United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (per curiam) (quoting *Albrechsten v. Bd. of Regents of Univ. of Wisc. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002)) ("Judges are not like pigs, hunting for truffles buried in the record."); *Hall v. Civil Air Patrol, Inc.*, 193 F. App'x 298, 299 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"); *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) ("[T]he law does not require, nor does justice demand, that a judge must grope through [thousands of] pages of irrational, prolix and redundant pleadings." (quoting *Passic v. State*, 98 F. Supp. 1015, 1016 (E.D. Mich. 1951)).

[6] A Step-By-Step Guide to Filing a Civil Lawsuit in the United States District Court for the Western District of Texas, https://perma.cc/5T2Y-6J6Q (W.D. Tex. Oct. 26, 2017).

> **Generally, each claim should be stated in a separately numbered paragraph, with each paragraph limited, so far as possible, to a statement of a single set of factual circumstances.** In short, clear, numbered paragraphs, describe the acts or omissions of each defendant(s) (and separately for each defendant) that you believe violated your rights or caused you injury, identifying your right and describing your injury.

Pro Se Manual at 10–11 (emphasis added).

The instructions in the Pro Se Manual are not designed to hamstring *pro se* litigants but are instead tethered to both a plaintiff's duties under Rule 8(a)(1) and a defendant's duties under Rule 8(b). *See* Fed. R. Civ. P. 8(b)(1) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."). To that end, Defendant Reamer reasonably objects that "[p]ursuant to Rule 8, [she] would be forced to individually answer and respond to over 650 paragraphs and admit or deny each individual allegation." ECF No. 10 at 3. And Plaintiff's numbered paragraphs do not even begin until page 47 of his complaint. *See* ECF No. 1 at 47.

Plaintiff insists that his case is complex and that voluminous pleadings and exhibits are required to overcome any qualified immunity defense (ECF No. 9 at 2), *i.e.*, to plausibly allege that Sgt. Reamer violated a clearly established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This argument fails in at least three respects.

First, the Court's two-page summary of Plaintiff's factual allegations in this order suggests that the case is not so complex that it warrants a 256-page complaint and 300 pages of exhibits. And even in admittedly complex cases, *pro se* litigants are not excused from pleading with "short and plain statements" as required by Rule 8.[7]

---

[7] *See, e.g.*, *Vanderbol*, 2020 WL 7327996, at *5 ("While Plaintiffs argue that RICO claims inherently require lengthy and complex pleadings, Plaintiffs are still required to comply with Rule 8."); *Jennings v. Emry*, 910 F.2d 1434, 1435–36 (7th Cir. 1990) ("The necessity for complexity. . . does not give litigants license to plead by means of obfuscation. *See* Fed. R. Civ. P. 8(e)(1).").

Second, while it is true that a plaintiff asserting claims under 42 U.S.C. § 1983 must plead specific facts to overcome qualified immunity, "[t]his immunity-from-suit interest does not require that the plaintiff's original complaint exceed the short-and-plain-statement standard of Rule 8." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016)); *see also id.* ("[A]n assertion of qualified immunity in a defendant's answer or motion to dismiss does not subject the complaint to a heightened pleading standard.").

Third, many of the extraneous and repetitive factual allegations in the complaint are simply immaterial to Plaintiff's qualified immunity argument. For example, Plaintiff devotes dozens of pages outlining the economic and emotional harm he has suffered as a result of Defendants' conduct. *See* ECF No. 1 at 230–255; *see, e.g., id.* at 245 ("Plaintiff was unable to provide his daughter with a traditional thirteenth birthday celebration or gifts, could not celebrate his wife's birthday in the customary manner, and was unable to provide his children with customary Christmas gifts."). At the pleading stage, it is generally sufficient to identify the categories of relief requested by the plaintiff and to briefly explain the mechanism by which he was harmed (e.g., economic damages caused by the loss of employment, reputational harm, etc.).

In short, while Plaintiff's complaint is more intelligible than many *pro se* civil rights complaints, it is nonetheless excessively lengthy and often redundant. For example, Plaintiff references being a mandated reporter and being charged with a "first-degree felony" charge over 100 times each and repeatedly asserts that he and his father were arrested in connection with their efforts to protect an intellectually disabled person from abuse. *See generally* ECF No. 1. These repetitive allegations do not add to the clarity of the complaint; they merely add to the burden of deciphering Petitioner's allegations and claims, in contravention of Rule 8(a).

Finally, Sgt. Reamer properly objects that the exhibits to the complaint were improperly submitted under seal without leave of Court. Under Local Rule CV-5.2(a), "All documents intended to be kept under seal must be filed as an exhibit to a sealing motion." The sealing motion must state the factual basis for the requested sealing order and comply with the requirements of Rules CV-7 and CV-10—including Rule CV-7(g)'s conference requirement. *See* W.D. Tex. L.R. CV-5.2(c). Because such motions are "disfavored," parties should consider whether confidential information can be redacted rather than sealed. *See* W.D. Tex. L.R. CV-5.2(b). Any sealed or unredacted document must also be served on all counsel of record by means *other than* the Court's electronic notice facilities. *See* W.D. Tex. L.R. CV-5.2(e).

## CONCLUSION

Defendants' motion to dismiss (ECF No. 7) is **GRANTED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

Plaintiff may submit a motion for leave to file an Amended Complaint that plainly and concisely states all of his claims by **May 16, 2026**, or request an extension of time to do so.

The Amended Complaint shall be: (1) limited to no more than 35 pages, exclusive of exhibits, and (2) filed electronically, to aid the Court and defense counsel in navigating the document.

To the extent that Plaintiff seeks to attach sealed exhibits to his Amended Complaint, he must file a motion for leave to file such documents under seal in accordance with the requirements of Local Rules CV-5.2, explaining why each document must be sealed rather than redacted.

**Failure to comply with this order will result in the case being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order**.

8

It is so **ORDERED**.

**SIGNED** this 16th day of April, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

9