UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR, *Plaintiff* | § § § | |
| v. | § § | Case No. SA-26-CA-00054-XR |
| ELAINE MICHELLE REAMER, COUNTY OF GUADALUPE, TEXAS, *Defendants* | § § § § | |

**Plaintiff's Limited Motion to Clarify the Record and Preserve Objections While Complying with the Court's April 16, 2026 Order**

**Introduction**

Plaintiff respectfully files this limited motion for the sole purpose of clarifying two procedural points reflected in the Court's April 16, 2026 Order, preserving those objections for the record, and confirming that Plaintiff intends to comply fully with the Order by timely filing a motion for leave to amend together with a proposed amended complaint within the deadline set by the Court. Plaintiff does not file this motion to relitigate the Rule 8 ruling or to delay compliance, but only to ensure that the record accurately reflects the basis of the Court's directives and Plaintiff's preserved objections concerning issues first materially developed in Defendant's reply and then addressed in the Order.

**Relief Requested**

Plaintiff respectfully asks the Court to clarify that the April 16, 2026 Order should not be read as finding that Plaintiff affirmatively requested blanket sealing of his exhibits or failed to

1

redact protected personal information before filing. Plaintiff's position is that he redacted protected personal information as required and did not move for blanket sealing, and that the docket reflects only that the attachments were sealed because they contain personal information, not that Plaintiff sought sealing or that the Court made a finding of deficient redaction. Plaintiff further respectfully asks that the record reflect his preserved objection that the specific 35-page limitation and the sealed-exhibit/redaction issues were materially developed in Defendant's reply and then addressed in the Order without Plaintiff having a further opportunity to respond. Plaintiff seeks this limited clarification only to ensure an accurate record while fully complying with the Court's Order.

**Procedural Background**

1. On February 26, 2026, Defendant Sergeant Elaine M. Reamer filed a motion to dismiss Plaintiff's original complaint under Federal Rule of Civil Procedure 8, arguing that the pleading was excessively long and requesting dismissal without prejudice together with general limits on any amended pleading.

2. Plaintiff filed a response opposing dismissal, arguing that the complaint was organized, chronological, and sufficiently specific, and alternatively requested guidance or leave to amend if the Court concluded that any portion of the pleading should be presented more concisely.

3. Defendant then filed a reply in which she, for the first time, specifically proposed that any amended complaint be limited to 35 pages exclusive of exhibits and also advanced the redaction/sealing issue in the form later referenced by the Court.

4.  On April 16, 2026, the Court entered its Order granting dismissal without prejudice, directing that any motion for leave to amend be filed by May 16, 2026, limiting any proposed amended complaint to 35 pages exclusive of exhibits, and addressing the handling of sealed exhibits going forward.

**Clarification Is Requested Concerning the Basis for the Docket's Sealed Status**

5.  Defendant's reply asserted that Plaintiff's exhibits were sealed because Plaintiff supposedly failed to make the redactions required by Rule 5.2. Plaintiff respectfully submits that the docket does not reflect that conclusion. Instead, the docket text states that the attachments "are sealed because they contain personal information." That language does not state that Plaintiff moved to seal the exhibits, nor does it reflect a judicial finding that Plaintiff failed to redact protected information before filing. Plaintiff's position is that he redacted protected personal information before filing and did not request blanket sealing of the exhibits. The sealed status reflected on the docket therefore should not be read as establishing that Plaintiff affirmatively sought improper blanket sealing or failed to redact protected information.

6.  For that reason, Plaintiff respectfully asks the Court to clarify that the April 16, 2026 Order should not be construed as finding that Plaintiff personally requested improper blanket sealing or that Plaintiff failed to redact protected information before filing. Plaintiff further states that he understands the Court's instructions regarding sealed filings and will comply with Local Rule CV-5.2 for any future submission for which sealing is sought.

**Plaintiff Preserves His Objection to Reply-Raised Remedial Restrictions**

7.  Defendant's opening Rule 8 motion requested dismissal and referred generally to "reasonable" limitations on any amended pleading, but it did not propose a specific 35-page cap.

3

The specific request that any amended complaint be limited to 35 pages exclusive of exhibits first appeared in Defendant's reply. Defendant's reply also materially sharpened the redaction and sealed-exhibit issue by asserting that Plaintiff's exhibits were sealed because Plaintiff supposedly failed to make required redactions. The Court's April 16, 2026 Order then adopted the 35-page limitation and addressed sealed exhibits going forward.

8.      Plaintiff respectfully preserves his objection that these specific remedial restrictions were materially developed in reply and then incorporated into the Order without Plaintiff having a further ordinary opportunity to respond to those newly sharpened points. Plaintiff does not raise this objection to resist the Court's directives or delay compliance. Rather, Plaintiff raises it only to preserve the procedural issue for the record while fully complying with the Court's Order and timely seeking leave to file an amended complaint within the limits the Court imposed

**Plaintiff Will Comply with the Court's Order**

9.      Plaintiff understands the Court's April 16, 2026 Order and will comply with it. Plaintiff intends to timely seek leave to file an amended complaint within the deadline set by the Court and within the page limitation imposed by the Order. Plaintiff files this motion only to ensure that the record accurately reflects the procedural basis of the Court's directives and Plaintiff's preserved objection to the reply-raised restrictions discussed above. Plaintiff does not submit this motion to relitigate the Rule 8 ruling or to delay amendment, but solely to clarify the record while proceeding in compliance with the Court's Order.

**Legal Basis**

10.     Because the April 16, 2026 Order is non-final, the Court may revise or clarify it before entry of final judgment under Rule 54(b). In addition, Plaintiff's request to proceed by amended

4

pleading is governed by Rule 15(a)(2), which provides that the Court should freely give leave to amend when justice so requires. Plaintiff submits this motion only for limited clarification and preservation of the record while proceeding in compliance with the Court's amendment directive. Plaintiff seeks clarification, not reconsideration of the merits.

**Prayer**

**11.** For these reasons, Plaintiff respectfully requests that the Court enter an order clarifying that the April 16, 2026 Order should not be construed as finding that Plaintiff requested improper blanket sealing of his exhibits or failed to redact protected personal information before filing; further noting that Plaintiff preserves his objection that the specific 35-page limitation and the sealed-exhibit restrictions were materially raised in Defendant's reply and then addressed in the Order without a further ordinary opportunity to respond; and granting such other narrow and proper relief as the Court deems appropriate consistent with Plaintiff's full compliance with the existing Order.

/s/ James Louis Roden Jr.
**James Louis Roden Jr.**
Plaintiff, Pro Se
1005 Beaumont Street
League City, Texas 77573
(210) 482-0802
jroden3@wgu.edu

**Certificate of Conference**

Pursuant to Local Rule CV-7(i), Plaintiff certifies that on April 21st, 2026, he attempted to

confer with counsel for Defendants by email regarding the relief requested in this motion.

As of the time of filing, Plaintiff has not received a response. Plaintiff therefore submits this

motion so as not to delay compliance with the Court's deadline.


/s/ James Louis Roden Jr.
**James Louis Roden Jr.**
Plaintiff, Pro Se
1005 Beaumont Street
League City, Texas 77573
(210) 482-0802
jroden3@wgu.edu

**Certificate of Service**

I certify that on this 23rd day of April, 2026, a true and correct copy of the foregoing

Plaintiff's Limited Motion to Clarify the Record and Preserve Objections While Complying

with the Court's April 16, 2026 Order was served on all counsel of record through the

Court's CM/ECF system and by any other method required by the Federal Rules of Civil

Procedure and the Local Rules of this Court.


/s/ James Louis Roden Jr.
**James Louis Roden Jr.**
Plaintiff, Pro Se
1005 Beaumont Street
League City, Texas 77573
(210) 482-0802
jroden3@wgu.edu