**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR, *Plaintiff* | § § § | |
| v. | § § | Case No.  SA-26-CA-00054-XR |
| ELAINE MICHELLE REAMER, COUNTY OF GUADALUPE, TEXAS, *Defendants* | § § § § | |

**<u>Plaintiff's Motion for Leave to File Amended Complaint in Compliance with Court Order</u>**

TO THE HONORABLE JUDGE XAVIER RODRIGUEZ:

Plaintiff James Louis Roden Jr., proceeding pro se, respectfully moves for leave to file his Amended Civil Rights Complaint. In support, Plaintiff states as follows:

1. Plaintiff files this motion in response to the Court's order requiring any amended complaint to comply with the Court's 35-page limit.

2. Plaintiff has substantially revised, condensed, and reorganized his pleading to comply with the Court's directive. The proposed Amended Complaint contains 35 pages of substantive pleading material. Consistent with Western District of Texas Local Rule CV-7(c)(2), page limits are exclusive of the caption, signature block, any certificate, and accompanying documents. Accordingly, Plaintiff does not count the caption, signature block, certificate of service, certificate of conference, verification, proposed order, exhibits, or other accompanying documents as part of the substantive 35-page complaint. Plaintiff does not seek to evade the Court's page limitation; he seeks to comply with it

1

while preserving the factual allegations necessary to plead his claims under Rule 8.Plaintiff has worked in good faith to remove unnecessary repetition, narrow the factual allegations, clarify the claims, and focus the pleading on the core constitutional and statutory issues, including the Fourth Amendment warrant defects, First Amendment retaliation, ADA/Section 504 retaliation, and Monell liability.

3. Plaintiff's proposed amended complaint is intended to satisfy Rule 8 by presenting a concise statement of the claims while still providing sufficient factual context to show why the arrest warrant affidavit lacked probable cause, why material omissions and mischaracterizations matter under Franks and Malley, and why the alleged County custom, practice, ratification, and failure to train or supervise caused the constitutional violations.

4. Plaintiff is proceeding pro se. While Plaintiff has made every good-faith effort to comply with Rule 8, the Court's page limitation, and the applicable local rules, pro se civil-rights pleadings are entitled to liberal construction. Plaintiff respectfully asks the Court to construe the proposed Amended Complaint liberally while still evaluating the specific factual allegations pleaded in support of each claim. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

5. This case involves a complex factual record spanning more than two years, multiple related criminal proceedings, three coordinated first-degree felony witness-tampering warrants, court transcripts, recorded phone calls, emails, sworn affidavits, disability-access requests, mandated reports, and alleged Monell evidence involving both law-enforcement and County Attorney decision-making.

6. Plaintiff has also reduced the exhibit volume substantially from the original filing. The attached exhibits consist primarily of certified court records, warrant excerpts, transcripts, emails, sworn affidavits, phone-record summaries, and official reports directly referenced in the Amended Complaint. These exhibits are not submitted to expand the pleading or require the Court to search for claims, but to provide organized source documents for allegations already pleaded within the 35-page Amended Complaint. Plaintiff also notes that the substance of these records has already been provided to, possessed by, or known to Defendants through the underlying proceedings, public records, prior communications, or Plaintiff's earlier filings.

7. Plaintiff's claims are stated within the proposed Amended Complaint itself. Plaintiff attaches redacted exhibits only as supporting source documents because the proposed Amended Complaint necessarily references warrant records, sworn affidavits, official reports, court-filed correspondence, emails, phone records, and post-arrest notice documents. Plaintiff does not submit these exhibits to evade the Court's page limit or to require the Court to search the exhibits for claims. The exhibits are organized by topic and provided for the Court's convenience to show the documentary basis for the allegations. Plaintiff also understands that the exhibits are accompanying documents and are not submitted as a substitute for factual allegations within the Amended Complaint.

8. Plaintiff has nevertheless complied with the Court's current page limitation and does not seek to exceed that limitation through this motion. Plaintiff respectfully notes, however, that if future amendment becomes necessary after Defendants' responsive pleadings, additional disclosures, or discovery, Plaintiff may seek a reasonable page-limit enlargement at that time. Such a request would be based on the complexity of the record,

the number of involved actors, the Monell issues, and the need to plead sufficient facts without relying on conclusory allegations.

9. Plaintiff respectfully notes that the specific 35-page limitation was first raised in Defendants' reply briefing, after Plaintiff no longer had an ordinary opportunity to explain why a strict 35-page limit could prejudice his ability to plead a complex civil-rights case involving qualified immunity, *Franks/Malley* warrant defects, ADA/Section 504 retaliation, and *Monell* municipal-liability allegations. Plaintiff understands the Court's concern regarding repetition and has made a good-faith effort to remove unnecessary detail, narrow the claims, and comply with the Court's directive. At the same time, Plaintiff respectfully preserves that he has removed facts, evidence summaries, and claims to meet the page limit, even though civil-rights claims involving qualified immunity and municipal liability often require specific dates, documents, recorded calls, court filings, warrant language, and omitted facts to avoid conclusory pleading. Plaintiff also respectfully notes that, as a pro se litigant with autism-related communication and organization challenges, he has worked diligently to present the facts as concisely as possible while still pleading enough specific detail to satisfy Rule 8 and respond to qualified-immunity and *Monell* standards. Plaintiff submits the attached Amended Complaint in good faith and asks the Court to construe it as a narrowed pleading prepared under a strict page limitation.

10. Plaintiff also notes that *Hughes v. Garcia*, 100 F.4th 611 (5th Cir. 2024), illustrates why some civil-rights claims require detailed factual pleading. In *Hughes*, the operative Second Amended Complaint was 65 pages and 232 paragraphs, and the defense challenged it under Rule 12 and qualified immunity. The district court held that the

pleaded facts were sufficient to state a Fourth Amendment claim based on material omissions and misstatements in warrant materials, and the Fifth Circuit affirmed denial of qualified immunity. Plaintiff does not cite *Hughes* to evade this Court's page limit; Plaintiff cites it to show that warrant-affidavit civil-rights claims involving *Franks*, *Malley*, corrected-affidavit analysis, and qualified immunity require enough factual context for the Court to evaluate probable cause fairly.

11. Plaintiff is not citing *Hughes* to ask the Court to expand the page limit now, but only to preserve the point that complex civil-rights claims may require enough factual detail to allow the Court to evaluate qualified immunity, causation, and municipal liability in context.

12. Leave to amend should be freely given when justice so requires. Plaintiff seeks leave in good faith, without undue delay, and for the purpose of complying with the Court's order while allowing the claims to be decided on their merits.

13. Plaintiff therefore respectfully requests leave to file the attached Amended Civil Rights Complaint.

**Prayer**

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion for Leave to File Amended Civil Rights Complaint, accept the attached Amended Civil Rights Complaint for filing, and grant such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**/s/ James Louis Roden Jr.**
**James Louis Roden Jr.**
Plaintiff, Pro Se
jroden3@wgu.edu
(210) 482-0802

# Certificate of Conference

Plaintiff certifies that he conferred with counsel for Defendants by email on May 1, 2026, regarding Plaintiff's Motion for Leave to File First Amended Complaint.

Defendants stated that they could not agree to or oppose the requested relief until they reviewed the actual proposed amended pleading and supporting evidence submitted with the motion.

Accordingly, Plaintiff files this motion after a good-faith conference attempt and accurately represents Defendants' current position as follows: Defendants are unable to state whether they oppose or do not oppose the motion until they review the proposed First Amended Complaint and supporting materials.

Respectfully submitted,

/s/ James Louis Roden Jr.
James Louis Roden

Plaintiff, Pro Se
1005 Beaumont St.
League City, TX 77573
(210) 482-0802
jroden3@wgu.edu

**Certificate of Service**

I certify that on May 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent through the CM/ECF system to all counsel of record who are registered users.

Respectfully submitted,

/s/ James Louis Roden Jr.
James Louis Roden Jr.
Plaintiff, Pro Se
1005 Beaumont St.
League City, Texas 77573
Phone: (210) 482-0802
Email: jroden3@wgu.edu