IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 5:26-cv-00054-XR |
| | § | |
| ELAINE MICHELLE REAMER, and | § | |
| COUNTY OF GUADALUPE, TEXAS | § | |
| *Defendants*. | § | |

## DEFENDANT ELAINE REAMER'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, **Guadalupe County Sergeant Elaine Michelle Reamer** (hereinafter Sgt. Reamer) now files this Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 15), because Plaintiff has failed to plead facts that overcome Sgt. Reamer's entitlement to qualified immunity. In support, Sgt. Reamer would show the Court as follows:

# I. INCORPORATED EVIDENCE

1. The facts articulated *infra* can be ascertained from: (1) Plaintiff's 37-page complaint; (2) Plaintiff's 194-pages of incorporated exhibits, (3) the recorded "Facetime video" that Plaintiff incorporated in paragraph 46 of his First Amended Complaint, and (4) the recorded statements that "S.J.K." made to Sgt. Reamer on August 19, 2024, that Plaintiff incorporated into his First Amended Complaint in paragraph 24.[1] This Court can consider evidence from the exhibits Plaintiff attached to the Complaint even at the 12(b)(6) stage of litigation.[2] Furthermore, "a court may consider documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the plaintiff's claims."[3]

2. Sgt. Reamer accordingly attaches the March 19, 2025, Facetime video as **Exhibit 1**, and the August 19, 2024, video interview of "S.J.K." as **Exhibit 2** to this motion.

# II. IDENTIFICATION OF LIVE PLEADINGS & SUMMARY OF CLAIMS

**A. In March 2025, Plaintiff pleads that he conducted an advocacy campaign on behalf of his sister Jamie to assert that she was innocent of being involved in her husband Michael's rape and impregnation of his niece. As part of that campaign, Plaintiff concedes he recorded his niece, wherein he vigorously questioned her in an attempt to establish Jamie's innocence. But in August 2024, Plaintiff's niece told Sgt. Reamer the exact opposite.**

3. Plaintiff Roden Jr. pleads that in January 2024, he became aware that Michael Walker—his sister Jamie Walker's husband—had raped and impregnated his stepdaughter. Plaintiff refers to his niece as S.J.K. in his complaint, who he pleads is mentally handicapped.[4] However, Plaintiff's unredacted exhibits frequently mention his niece's full name, so the undersigned will

---

[1] *See* Pl. 1st Am. Compl. ¶ 24, Dkt. 15.
[2] *See Scott v. White*, No. 1:16-CV-1287-RP, 2018 WL 2014093, at *1 (W.D. Tex. Apr. 30, 2018) (citing *Hartman v. Walker*, 685 F.App'x 366, 368 (5th Cir. 2017)).
[3] *Emerald Aerospace, LLC v. Boeing Co.*, No. 3:22-CV-0717-B, 2022 WL 16701941, at *3 (N.D. Tex. Nov. 3, 2022).
[4] *See* Pl. 1st Am. Compl. ¶ 15, Dkt. 15.

refer to her as Shelby. Plaintiff pleads that initially he did not attempt to shield his sister Jamie from law enforcement's investigation.[5] Jamie was eventually charged.

4.      However, by March 2025, Plaintiff's attached exhibits reveal that he was undertaking a substantial campaign of advocacy on his sister Jamie's behalf. To achieve that advocacy, Plaintiff sent numerous emails asserting that Shelby had signed sworn affidavits stating that Jamie was innocent of any involvement in her husband's rape of Shelby, and that she provided "Shelby Video Testimony" affirming that innocence.[6] As stated *supra*, that Facetime video call is attached as Exhibit 1. Within, Plaintiff can be seen coercing the mentally diminished Shelby into giving answers that exonerate his sister Jamie of having any knowledge or participatory role in the ongoing rape that Michael subjected Shelby to, which eventually led to her pregnancy.[7]

5.      But previously, on August 19, 2024, and away from the coercive pressure of her family, Shelby told Sgt. Reamer the exact opposite. During that recorded interview, Shelby told Sgt. Reamer that Jamie participated actively in the sex acts that Michael forced on her and Shelby admitted to lying previously about Jamie's involvement.[8] Namely, that Jamie would be in the room when Michael was "forcing you to have sex" and "standing there" and that Jamie "seemed" like she was getting pleasure from the act and that she would touch Michael "down there" while this was occurring with his "hand."[9] Shelby stated that Jamie would "sometimes" make Shelby touch

---

[5] *Id.*

[6] *Id.* at pg. 108 (Plaintiff attaching **Sgt. Reamer's Exhibit 1** to his exhibit found on pages 108 and 109 of the paginated exhibits attached to Plaintiff's complaint).

[7] **Ex. 1**, *Roden Jr. Facetime Video March 19, 2025*, **09:30 – 10:45**.

[8] **Ex. 2**, *Shelby Interview with Sgt. Reamer August 19 2024*, **04:40 – 8:45** (stating that Jamie "knew" that Michael was having sex with her.).

[9] *Id.* at **08:50 – 09:50**.

Michael sexually and that she did not want to have Michael's child.[10] This interview is attached as **Exhibit 2**.

**B. Plaintiff now pleads that he was wrongfully arrested for witness tampering under Texas Penal Code §36.05, pursuant to a warrant issued by Sgt. Reamer on April 7th, 2025.**

6.     Plaintiff now pleads that he was wrongfully arrested for witness tampering pursuant to a warrant issued by Sgt. Reamer.[11] As probable cause for that offense pursuant to Texas Penal Code §36.05, Sgt. Reamer averred that

> From 3/17/2025 to 4/5/2025, I have been receiving documentation from the Guadalupe County Attorney's Office that is from the Defendant. The Defendant has repeatedly been in contact with the victim over phone calls and Facetime. The Defendant has been able to coerce the victim into changing her statement where she stated Jamie and Michael had both been sexually assaulting her while she was in their care. The Defendant sent videos, transcripts and recorded phone calls, where he is contacting and/or attempting to contact prosectors with the victim also on the phone, advising the victim on what to say to include the Jamie [sic] did not know about the victim being repeatedly sexually assaulted by Michael. I saw a video that the Defendant and the victim are on Facetime, where the Defendant is telling the victim that no one had been in contact with her from the prosecutor's office.[12]

7.     Now Plaintiff sues Sgt. Reamer. At bottom, Plaintiff asserts that she can be liable to him for money damages because he was not warned that Shelby had previously given the exact opposite testimony to Sgt. Reamer before Plaintiff secured opposing testimony from Shelby via video statements and affidavits.[13] Sgt. Reamer now files this 12(b)(6) Motion to Dismiss, because she is entitled to qualified immunity from all of Plaintiff's claims.

### III.     LEGAL STANDARD

---

[10] *Id*. at **09:50 – 11:30**.
[11] Pl. 1st Am. Compl. ¶ 12, Dkt. 15; *see also* pg. 64 (wherein Plaintiff attaches Sgt. Reamer's warrant.).
[12] *Id*. at
[13] *Id*. at ¶¶ 23 – 25.

### A. Standard for Dismissal under Rule 12(b)(6).

8.      Pursuant to Rule 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted.[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "To withstand a Rule 12(b)(6) motion, [a] complaint must allege 'more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."[17]

### B. Qualified immunity Standard at the 12(b)(6) stage.

9.      Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss an action barred by qualified immunity based on the pleadings.[18] Pursuant to recent Fifth Circuit precedent, *Carswell v. Camp*, a district court "may not defer ruling" on a motion to dismiss that asserts qualified immunity.[19] The doctrine of qualified immunity shields government officials from liability "so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[20] "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate" that the defense does not apply.[21]

---

[14] FED. R. CIV. P. 12(b)(6).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[16] *Iqbal*, 556 U.S. at 678.
[17] *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).
[18] *See Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 793 (W.D. Tex. 2016).
[19] *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), cert. denied, No. 22-959, 2023 WL 6377808 (U.S. Oct. 2, 2023).
[20] *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).
[21] *Id*. (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)).

10. A plaintiff seeking to defeat qualified immunity must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct."[22] "A right is clearly established only if relevant precedent has placed the constitutional question beyond debate."[23]

## IV. ARGUMENTS & AUTHORITIES

**A. Sgt. Reamer is entitled to qualified immunity for all of Plaintiff's claims of false arrest or malicious prosecution—because Plaintiff's Complaint and accompanying exhibits reveal that Sgt. Reamer had probable cause to arrest Plaintiff for witness tampering. Furthermore, Plaintiff has failed to plead facts that vitiate the protections of the independent intermediary doctrine.**

11. "The constitutional claim of false arrest requires a showing of no probable cause."[24] Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, the suspect has committed the offense.[25] In addition, when an arrest is made subject to a warrant that was issued after a probable cause affidavit was signed by an independent intermediary "such as a magistrate" the independent intermediary doctrine further insulates the initiating officer from liability.[26] Thus, a plaintiff arrested subject to a warrant must plead and establish an exception to the independent intermediary doctrine to survive summary judgment.

12. "*Franks* and *Malley* [serve] as functional exceptions to the independent intermediary doctrine."[27] Under *Malley v. Briggs*, a plaintiff must plead facts that establish they were arrested "by a warrant when the affidavit presented to the magistrate was so lacking in indicia of probable

---

[22] *Id.*
[23] *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).
[24] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).
[25] *Id.* (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).
[26] *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017).
[27] *Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022).

---

cause as to render official belief in its existence unreasonable."[28] The claim does not turn on an allegation that false evidence was presented. Rather, a *Malley* claim alleges that the affidavit's truthful evidence failed to establish "the probable cause required for the issuance of a warrant."[29]

13. Conversely, under *Franks v. Delaware*, a plaintiff must plead facts supporting all three elements of the claim. Those elements are: "(1) the affidavit supporting a warrant contained false statements or material omissions; (2) the affiant made such false statements or omissions knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statements or material omissions were necessary to the finding of probable cause."[30]

14. Under Texas law, "[t]he pertinent elements of the criminal offense of witness tampering are: (a) a person (b) with intent to influence a witness (c) coerces a witness (d) in an official proceeding (e) to testify falsely."[31] Here, the facts known to Sgt. Reamer at the time of her affidavit were sufficient for a person of reasonable caution to believe that Plaintiff had been repeatedly contacting his mentally reduced niece as a form of coercion to get her to change her previous testimony. To wit, Sgt. Reamer personally was told by Shelby on August 19, 2024, that Plaintiff's sister Jaime knew and participated in her husband's rape. Regardless, considering the incorporated evidence, Plaintiff has certainly not plausibly pleaded that Sgt. Reamer intentionally lied in her affidavit or acted with reckless disregard for the truth. Instead, he has merely raised extraneous points that essentially argue that Reamer did not tell his side of the story.

---

[28] *Mayfield v. Currie*, 976 F.3d 482, 487 (5th Cir. 2020).
[29] *Id*.
[30] *Laviage v. Fite*, 47 F.4th 402, 406 (5th Cir. 2022).
[31] *Gaia Envtl., Inc. v. Galbraith*, 451 S.W.3d 398, 408 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *see also Mitchell v. State*, 572 S.W.3d 303, 307 (Tex. App.—Texarkana 2019, no pet.) (holding it is undisputed that contacting a witness repeatedly in order to get them to lie is witness tampering).

15. In *Tinoco*, the Southern District of Texas dismissed a plaintiff's §1983 lawsuit that also asserted wrongfully arrested for witness tampering due to a *Franks* violation in the probable cause affidavit.[32] In dismissing that suit, the *Tinoco* Court held that the plaintiff had failed to plead any facts that supported an inference that the officer intentionally or recklessly lied in the probable cause affidavit.[33]

**B. Plaintiff has not plausibly plead First Amendment retaliation against Sgt. Reamer.**

16. "To establish a claim for retaliatory arrest in violation of the First Amendment, a plaintiff must show (1) engagement in a constitutionally protected activity; (2) an injury caused by the defendant's actions that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse actions were substantially motivated by the plaintiff's exercise of constitutionally protected activity. As the Supreme Court recently clarified, the presence of probable cause generally defeats a First Amendment retaliatory arrest claim.[34]

17. As established *supra*, Sgt. Reamer had probable cause to arrest Plaintiff for witness tampering. Since "that conclusion defeats a First Amendment retaliatory arrest claim [Plaintiff] cannot overcome [Sgt. Reamer's] assertion of qualified immunity."[35]

**C. No clearly established law placed Sgt. Reamer on notice that her conduct was unconstitutional.**

18. The second prong of the qualified immunity question, "whether the officer violated clearly established law—is a doozy."[36] The §1983 plaintiff bears the burden of proof, "[a]nd that burden

---

[32] *Tinoco v. City of Hidalgo, Tex.*, No. 7:23-CV-136, 2023 WL 5338146, at *5 (S.D. Tex. Aug. 18, 2023), aff'd, No. 23-40543, 2025 WL 655079 (5th Cir. Feb. 28, 2025).
[33] *Id*. at. *5 – *6.
[34] *Chuttoo v. Horton*, 627 F. Supp. 3d 655, 676 (E.D. Tex. 2022) (citing *Cass v. City of Abilene*, 814 F.3d 721, 729 (5th Cir. 2016) (per curiam) (citing *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)).
[35] *Id*. at 678.
[36] *Morrow*, 917 F.3d at 874.

is heavy: A right is clearly established only if relevant precedent has placed the constitutional questions beyond debate."[37] In *Morrow*, the Fifth Circuit exhaustively laid out the "four applicable commandments" that a plaintiff must satisfy to establish that the constitutional question is "beyond debate."[38] Three of the four are relevant here.

19.     **First**, the relevant constitutional question must be framed with specificity and granularity.[39] The Supreme Court has "repeatedly told courts not to define clearly established law at [that] high level of generality."[40] "Rather, the dispositive question is whether the violative nature of *particular* conduct is clearly established."[41] **Second**, clearly established law comes only from holdings, not dicta.[42] This is because "officers are not charged with memorizing every jot and tittle [the courts] write to explain [their orders]."[43]

20.     **Finally**, courts "must think twice before denying qualified immunity." "Because of the importance of qualified immunity to society as a whole, the Supreme Court often corrects lower courts when they wrongly subject officers to liability."[44]

21.     It is Plaintiff's burden to provide this Court with clearly established law to the contrary that has "placed the constitutional question beyond debate."[45] Plaintiff cannot meet this burden even at the 12(b)(6) stage. Sgt. Reamer is accordingly entitled to qualified immunity on all of Plaintiff's claims.

### V.     PRAYER

---

[37] *Id*.

[38] *Id*.

[39] *Id*.

[40] *Id*. (citing *Ashcroft v. Al-Kidd*, 563 U.S. 731, 742 (2011)).

[41] *Id*. (emphasis original) (citing *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)).

[42] *Id*. at 876.

[43] *Id*. at 874.

[44] *Id*.

[45] *Morrow*, 917 F.3d at 874.

WHEREFORE PREMISES CONSIDERED, Defendant, Elaine Reamer, respectfully requests that the Court dismiss Plaintiff's claims against it for failure to plead a plausible claim, and for all other and further relief to which she may be justly entitled in either law or equity.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By: /s/ Stephen B. Barron
  Stephen B. Barron
  State Bar No. 24109619
  sbarron@w-g.com
  Blair J. Leake
  State Bar No. 24081630
  bleake@w-g.com

**ATTORNEYS FOR DEFENDANT**
**ELAINE REAMER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of June 2026, a true and correct copy of the foregoing document was caused to be served upon all counsel of record via E-File/E-Service and/or E-Mail, in accordance with the Federal Rules of Civil Procedure.

   /s/ Stephen B. Barron
   Stephen B. Barron