IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 5:26-cv-00054-XR |
| | § | |
| ELAINE MICHELLE REAMER, and | § | |
| COUNTY OF GUADALUPE, TEXAS | § | |
| *Defendants*. | § | |

**DEFENDANT GUADALUPE COUNTY'S 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant the **County of Guadalupe, Texas** ("the County" or "Guadalupe County") now files this Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 15). In support, Guadalupe County would show the Court as follows:

## I.    IDENTIFICATION OF LIVE PLEADINGS & SUMMARY OF CLAIMS

1.    Plaintiff James Louis Roden Jr. ("Plaintiff") filed his First Amended Complaint (Dkt. 15) on May 19, 2026, which is the live pleading before this Court.[1]

2.    In his First Amended Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983 against Guadalupe County and individual Defendant Elaine M. Reamer. Plaintiff's § 1983 *Monell* claim alleges that Guadalupe County, through its Sheriff's Office and final policymakers, maintained a custom or practice of:

(i)    failing to independently investigate or verify probable cause prior to seeking arrest warrants;

(ii)    failing to properly train or supervise officers regarding warrant affidavits and disclosure obligations; and

(iii)    ratifying the alleged unconstitutional conduct of its employees.

3.    Plaintiff alleges that this purported policy or custom was the "moving force" behind his arrest on a witness-tampering charge and the alleged violations of his Fourth and First Amendment rights.[2] Guadalupe County now files this Motion to Dismiss pursuant to Rule 12(b)(6) because the claims pled against Guadalupe County do not plausibly state a *Monell* claim or an ADA retaliation claim under the Rehabilitation Act.

## II.    LEGAL STANDARD

### A.  Standard for Dismissal under Rule 12(b)(6).

4.    Pursuant to Rule 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted.[3] "To survive a motion to dismiss, a complaint must contain sufficient

---

[1] Pl.'s 1st Amend. Compl., Dkt. 15.

[2] *Id.* ¶¶ 116, 126.

[3] FED. R. CIV. P. 12(b)(6).

factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] "To withstand a Rule 12(b)(6) motion, [a] complaint must allege 'more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."[6]

### B. *Monell* Standard at the 12(b)(6) Stage.

5.      Counties cannot be sued directly under 42 U.S.C. § 1983 based solely on allegations that their employees transgressed the Constitution.[7] Since the Supreme Court's landmark decision in *Monell*, it has long been established that "[a] plaintiff may not recover against a municipality via theories of respondeat superior."[8]  Instead, to maintain a claim against a governmental unit such as a county, a plaintiff has to plausibly allege facts establishing that "the municipality itself" is "responsible for the constitutional violation."[9]

### III.      ARGUMENTS & AUTHORITIES

### A. Plaintiff's Complaint fails as a matter of law to plausibly plead *Monell* liability under 42 U.S.C. § 1983.

6.      In the case at hand, Plaintiff sparsely pleads that Guadalupe County maintained policies, practices, and customs that were the moving force behind the alleged constitutional violations.[10] This conclusory pleading fails to plausibly plead a valid *Monell* claim against Guadalupe County.

7.      To plausibly plead a *Monell* claim, the plaintiff must show that: "(1) an official policy (2)

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[5] *Id.*
[6] *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).
[7] *Martinez v. Nueces County*, 71 F.4th 385, 389 (5th Cir. 2023).
[8] *Id.*
[9] *Id.*
[10] Pl.'s 1st Amend. Compl. ¶¶ 114–127, Dkt. 15.

promulgated by a municipal policymaker (3) was the moving force behind the violation of a constitutional right."[11]

### a. Plaintiff fails to plead or identify any written policy in place by the County that was the moving force of the alleged underlying connotational violation.

8.      A plaintiff can satisfy the first and third *Monell* elements if the plaintiff identifies an official written policy that is unconstitutional.[12] An official written policy is facially unconstitutional "if it affirmatively allows or compels unconstitutional conduct." An official policy that merely commits some decisions to an individual officer's on-the-scene discretion or gives some detailed instructions while omitting others does not affirmatively allow or compel unconstitutional conduct."[13] Here, Plaintiff's Complaint fails to identify any such written policy.[14]

### b. Plaintiff has not plausibly plead facts of an unofficial custom or policy at the County that can support a *Monell* claim.

9.      "An unofficial policy or custom such as the decisions of a government's law-makers, the acts of its policymaking officials, and practices, can suffice for purposes of showing the existence of an official policy—but only if it is so persistent and widespread as to practically have the force of law." [15] But as this Court noted in *Murray*, "[t]o sufficiently plead that a practice is so persistent and widespread as to have the force of law, a plaintiff's description of the alleged policy cannot be conclusory and must contain specific facts."[16]

10.     As the Fifth Circuit wrote in *Armstrong*, in order to plausibly plead a custom so widespread

---

[11] *Webb v. Town of St. Joseph*, 925 F.3d 209, 216 (5th Cir. 2019) (citing *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017)).
[12] *Verastique v. City of Dallas*, 106 F.4th 427, 432 (5th Cir. 2024).
[13] *Id.*
[14] Pl.'s 1st Amend. Compl. ¶¶ 114–116.
[15] *Id.*; *see also Martinez*, 71 F.4th at 389.
[16] *Murray v. City of Copperas Cove, Tex.*, No. 1:23-CV-541-DII, 2024 WL 3799463, at *8 (W.D. Tex. Aug. 13, 2024).

that it had the force of law, a plaintiff must typically allege a pattern of similar, specific and sufficiently numerous prior incidents that give rise to the inference that the alleged underlying unconstitutional conduct was "so common and well settled as to constitute a custom that fairly represents municipal policy."[17]

11.     Here, Plaintiff has failed to plead any incidents where the County previously acted in the manner the Complaint alleges, much less prior incidents that are sufficiently numerous to give rise to the plausible inference of a pattern. Instead, Plaintiff merely relies on allegations involving the same underlying dispute and investigation and simply repackages those allegations as a broader "practice." The additional warrants and investigative decisions involving James Louis Roden Sr., Jamie Renee Walker, Dolores Jane Roden, Michael Walker, and Andrea arise from arise from the same investigation that involved in Plaintiff's suit.[18] Under the Fifth Circuit's precedent in *Martinez*, this is dispositive of this type of *Monell* claim.[19]

### c. Plaintiff has not plausibly pled facts that can support his *Monell* claim under a failure to train theory of liability.

12.     "To establish a failure-to-train claim, a plaintiff must "prove that (1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights."[20] As this Court wrote in *Murray*, "[d]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."[21]

---

[17] *Armstrong v. Ashley*, 60 F.4th 262, 276 (5th Cir. 2023).
[18] Pl.'s 1st Amend. Compl. ¶¶ 118–121.
[19] *Martinez*, 71 F.4th at 389 ("Prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question.").
[20] *Hutcheson*, 994 F.3d at 482.
[21] *Murray*, No. 1:23-CV-541-DII, 2024 WL 3799463, at *8.

13.    To show deliberate indifference in a failure to train or supervise claim, "a plaintiff normally must allege a pattern of similar constitutional violations by untrained employees."[22] Here, Plaintiff's Complaint has again failed in that task.

14.    In *Murray*, this Court dismissed a Plaintiff's failure-to-train *Monell* claim when that Plaintiff similarly "largely relie[d] on the fact that the Incident occurred to suggest that [the City] must have inadequate policies" or that the City "failed to train all officers involved in the Incident on lawful arrests."[23] This Court chided that "Plaintiff only pleads facts related to the Incident to bolster her claims that [the City] has failed to train its police officers."[24] This was insufficient, because "[t]o sufficiently plead a failure-to-train claim, Plaintiff must plead that [the City] was deliberately indifferent, "which usually requires a plaintiff to demonstrate a *pattern of violations*."[25]

15.    Accordingly, as in *Murray,* Plaintiff's failure-to-train *Monell* claim against the Guadalupe County should be dismissed as implausibly pled.

### d.  Plaintiff has not plausibly pled a ratification theory of *Monell* liability.

16.    Plaintiff's ratification theory of *Monell* liability is limited to assertions that no corrective action was taken and that the County continued to support the decision to pursue charges.[26] However, the Fifth Circuit holds that the ratification theory of *Monell* liability is limited to "extreme factual situations."[27] In *Grandstaff v. City of Borger*, the Fifth Circuit determined that a ratification theory would apply where officers "poured" gunfire into a truck, killing an innocent

---

[22] *Hutcheson*, 994 F.3d at 482.
[23] *Murray*, No. 1:23-CV-541-DII, 2024 WL 3799463, at *9.
[24] *Id*.
[25] *Id*. (emphasis original).
[26] Pl.'s 1st Amend. Compl. ¶¶ 126–127.
[27] *Davidson*, 848 F.3d at 395. (citing *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009)).

occupant.[28] Subsequently, district courts sitting in Texas have held that absent such extreme circumstances "a policymaker's ratification or defense of his subordinate's actions is insufficient to establish an official policy or custom."[29]

17.    Here, the facts pled by Plaintiff fall far short of the extreme circumstances contemplated in *Grandstaff*. Accordingly, the ratification theory of *Monell* liability is unavailable to Plaintiff, and this claim should also be dismissed.

### B. Plaintiff has not plausibly plead a prima facie case of ADA Retaliation under the Rehabilitation Act against Guadalupe County.

18.    "Title II of the ADA prohibits discrimination on the basis of disability by any "public entity, defined as a state or local government, any department, agency, special purpose district, or other instrumentality of a State or States or local government," or the National Railroad Passenger Corporation. Similarly, the Rehabilitation Act provides that a qualified individual with a disability will not be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[30]

19.    As the Northern District of Texas stated in *K.G.S.*, "To assert such a claim requires an allegation of protected activity, which, in the context of a disability case, means an activity objecting to discriminatory treatment on the basis of disability."[31] Here, Plaintiff has failed to assert that he was engaging in any such a protected activity. To wit, Plaintiff cannot plausibly plead that Shelby was denied any participation in any activity by Guadalupe County on the basis of her

---

[28] *Hartt as next friends for J.H. v. Evadale Indep. Sch. Dist.*, 772 F. Supp. 3d 749, 761 (E.D. Tex. 2025) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 170 (5th Cir. 1985)).
[29] *Id*.
[30] *K.G.S. v. Kemp*, No. 4:11-CV-303-A, 2011 WL 4635002, at *4 (N.D. Tex. Oct. 5, 2011).
[31] *Id*.

disability.[32]

## IV.   PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant Guadalupe County, Texas respectfully requests that the Court dismiss Plaintiff James Louis Roden Jr.'s claims for failure to state a claim, and for all other and further relief to which they may be justly entitled in either law or equity.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas  78723
(512) 476-4600
(512) 476-5382 – Fax

By:_____/s/ Stephen B. Barron_____
    Stephen B. Barron
    State Bar No. 24109619
    sbarron@w-g.com
    Blair J. Leake
    State Bar No. 24081630
    bleake@w-g.com

**ATTORNEYS FOR DEFENDANT
GUADALUPE COUNTY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June 2026, a true and correct copy of the foregoing document was caused to be served upon all counsel of record via E-File/E-Service and/or E-Mail, in accordance with the Federal Rules of Civil Procedure.

_____/s/ Stephen B. Barron_____
Stephen B. Barron

---

[32] To the extent Plaintiff claims that his role as an advocate for Jamie is also protected, he cannot articulate any retaliation, as he was demonstrably not arrested for tampering with a witness with regard to Jaime.