IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES LOUIS RODEN JR.,           §
    *Plaintiff*,                    §
                                 §
v.                               §        Case No. 5:26-cv-00054-XR
                                 §
ELAINE MICHELLE REAMER, and      §
COUNTY OF GUADALUPE, TEXAS       §
    *Defendants*.                   §

---

**DEFENDANT REAMER'S REPLY IN SUPPORT
OF THE (12)(b)(6) MOTION TO DISMISS**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant **Guadalupe County Sergeant Elaine Michelle Reamer** ("Sgt. Reamer") now

files this Reply in Support of her Motion to Dismiss Plaintiff James Louis Roden Jr.'s First

Amended Complaint (Dkt. 17). In support, Sgt. Reamer would show the Court as follows:

## I.    ARGUMENTS & AUTHORITIES

**A. Plaintiff's Response confirms that Sgt. Reamer is entitled to qualified immunity as well as the protections of the independent intermediary doctrine for all of Plaintiff's claims of false arrest or malicious prosecution.**

### a. Plaintiff fails to plead facts that show that the arrest warrant was facially deficient under *Malley*.

1.    Plaintiff's Response cherry picks from Texas Penal Code § 36.05 and § 1.07(9) to argue that the affidavit does not show that he "coerced" Shelby to change her testimony, because Texas Penal Code § 1.07(9) defines coercion as a "threat" and the affidavit does not identify an express threat.[1] While the elements of a statute are relevant to a probable cause determination, "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction."[2] An affidavit must merely present relevant "facts and circumstances" so that a judge can independently determine whether probable cause exists that a law was violated."[3]

2.    The affidavit did not merely allege that Plaintiff contacted Shelby as Plaintiff's Response suggests. Instead, Sgt. Reamer averred that: (1) Plaintiff had repeatedly communicated with Shelby; (2) Plaintiff had successfully "coerce[d] the victim into changing her statement" regarding Jamie Walker's involvement in the sexual abuse; (3) Plaintiff was contacting or attempting to contact prosecutors with Shelby present on the calls; and (5) Plaintiff was advising Shelby regarding what she should say concerning Jamie Walker's knowledge of and participation in the abuse.[4] Additionally, the affidavit explains that Sgt. Reamer reviewed documentation verifying the repeated contact between Plaintiff and Shelby as well as the recording of a FaceTime call

---

[1] TEX. PENAL CODE § 1.07(9).
[2] *Adams v. Williams*, 407 U.S. 143, 149 (1972).
[3] *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992).
[4] Pl.'s 1st Amend. Compl., Dkt. 15, at 64–66.

between Plaintiff and Shelby before determining that there was enough evidence that Plaintiff plausibly violated Texas Penal Code § 36.05(a).[5] Given the facts outlined in the affidavit above, the affidavit is not "conclusory" or "bare bones," and contains facts from which it was at least probable that Plaintiff violated § 36.05(a).[6]

**b. Plaintiff's list of "material omissions" and "false statements" are illusory. Plaintiff's *Franks* challenge on the truthfulness of the warrant affidavit fails to vitiate the protections of the independent intermediary doctrine.**

3.      Plaintiff's Response and Complaint assert that the affidavit supporting the arrest allegedly omitted or misstated numerous items of information.[7] The majority of these omitted items are plainly irrelevant to the magistrate's determination of probable cause to arrest Plaintiff for witness tampering under Texas law, including: Dr. Sanders's psychological evaluation and report, Plaintiff's role as a mandated reporter and "ADA advocate," Plaintiff's ADA accommodation requests and request for Guardian ad Litem on behalf of Shelby, or Plaintiff's April 1, 2025, report.[8]

4.      With respect to several of the remaining categories of allegedly omitted information, Plaintiff simply offers his own account of what happened during his meetings with Shelby. For example, Plaintiff contends that Sgt. Reamer should have informed the magistrate that Plaintiff

---

[5] *Id.* at 66; *see, e.g.*, *Tinoco v. City of Hidalgo*, No. 23-40543, 2025 WL 655079, at *5 (5th Cir. Feb. 28, 2025).

[6] *See Kaley v. United States*, 571 U.S. 320, 338 (2014) ("Probable cause, we have often told litigants, is not a high bar."); *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (noting that "'[b]are bones' affidavits contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause").

[7] Pl.'s 1st Amend. Compl., Dkt. 15, ¶¶ 68–84; Pl.'s Resp. in Opp'n to Guadalupe County's 12(b)(6) Mot. to Dismiss, Dkt. 20, at 13–16.

[8] *See, e.g.*, *Powell v. State*, No. 02-19-00206-CR, 2021 WL 5370163, at *65 (Tex. App.—Fort Worth Nov. 18, 2021, pet. ref'd) (holding plaintiff's criminal history irrelevant to the magistrate's determination of probable cause to search plaintiff's home for evidence of a gruesome murder of plaintiff's former fiancée).

---

did not pressure Shelby, that Shelby acted voluntarily, and that Plaintiff was merely advocating on her behalf.[9] Additionally, Plaintiff lists the "defense-connected origin and nature of the witness-tampering allegation;" evidence that Shelby repeatedly initiated contact with Plaintiff; Sgt. Reamer's personal conflict and bias; the absence of exigency and the selective nature of the investigation; Cody Koelle's alleged credibility problems[10]—all of which are merely self-serving testimony, not exculpatory evidence.[11]

5.      Moreover, much of the information Plaintiff labels as "exculpatory" is not exculpatory at all. Plaintiff points to the March 10 and March 12 FaceTime recordings, Shelby's signed affidavit, transcripts, recordings, and other materials that Plaintiff himself generated or obtained from Shelby through coercion.[12] The affidavit expressly refers to those materials and states that Sgt. Reamer had been "receiving documentation from the Guadalupe County Attorney's Office that is from the [Plaintiff]."[13]

6.      Ultimately, Plaintiff's allegations of "material omissions" and "false statements" are illusory. Neither the Complaint nor the Response plausibly alleges that Sgt. Reamer intentionally lied in her affidavit or acted with reckless disregard for the truth.[14] Plaintiff's Response merely repackages the same self-serving allegations contained in his Complaint, not facts supporting a *Franks* violation.

---

[9] Pl.'s 1st Amend. Compl., Dkt. 15, ¶¶ 72, 75, 77, 83.
[10] *Id.* ¶¶ 69, 70, 73, 79, 82.
[11] *United States v. One Fossilized Tyrannosaurus Bataar Skull*, 365 F.Supp.3d 759, 764 (N.D. Tex. 2018).
[12] Pl.'s 1st Amend. Compl., Dkt. 15, ¶¶ 71 72, 76.
[13] Pl.'s 1st Amend. Compl., Dkt. 15, at 66.
[14] *Benfer v. City of Baytown*, 120 F.4th 1272, 1281 (5th Cir. 2024); *Laviage v. Fite*, 47 F.4th 402, 406 (5th Cir. 2022) (reciting elements of a *Franks* claim).

---

7.      As the Western District of Texas has previously noted, "[t]o determine whether facts omitted from a warrant affidavit are material to the determination of probable cause, courts ordinarily insert the omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause."[15] None of Plaintiff's alleged omissions vitiated probable cause.

8.      Even assuming all of Plaintiff's purported omissions were added to the affidavit, the affidavit would still reflect that: (1) Plaintiff repeatedly contacted Shelby; (2) Shelby's account regarding Jamie Walker's involvement in the sexual abuse changed after those repeated communications with Plaintiff; (3) Plaintiff obtained recordings, transcripts, and signed affidavits from a mentally diminished Shelby that contradicted her uncoerced prior statements to law enforcement; (4) Plaintiff advised Shelby that she should tell prosecutors that Jamie did not know about the victim being repeatedly sexually assaulted by Michael; and (5) Plaintiff called or attempted to call prosecutors with Shelby on the phone.[16]

9.      Accordingly, Plaintiff's attack on the probable cause underlying his arrest warrant fails as a matter of law under both his *Malley* challenge—on the facial sufficiency of the warrant affidavit—and his *Franks* challenge—on the truthfulness of the warrant affidavit. Dismissal is therefore proper for Plaintiff's claims of false arrest or malicious prosecution claims against Sgt. Reamer.

**B. Plaintiff's Response attempts to invoke the *Nieves* narrow qualification exception.**

10.     Plaintiff's reliance on the *Nieves* narrow qualification exception is misplaced. In *Nieves v. Bartlett*, the Supreme Court held that, as a general rule, a plaintiff bringing a retaliatory-arrest

---

[15] *Bradley v. Acuna*, No. A-21-CV-498-DII, 2024 WL 201367, at *4 (W.D. Tex. Jan. 17, 2024).
[16] Pl.'s 1st Amend. Compl., Dkt. 15, at 64–66.

claim "must plead and prove the absence of probable cause for the arrest."[17] At the same time, the Court recognized a narrow exception to that rule: "[t]he existence of probable cause does not defeat a plaintiff's claim if he produces 'objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been.'"[18]

11.    Plaintiff's sole purported comparator—Kimberly Kennedy—is not similarly situated. Plaintiff alleges that Kimberly Kennedy submitted an affidavit reporting Shelby's account.[19] Plaintiff does not allege that Kennedy engaged in the conduct underlying the warrant—*repeatedly* contacting her mentally diminished niece as a form of coercion to get her to change her previous testimony. Because Plaintiff identifies no similarly situated individual who engaged in the same witness-tampering conduct—but was not arrested—the extremely narrow *Nieves* exception is inapplicable here.[20]

## II.    PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant, Sgt. Reamer, respectfully requests that this Court dismiss Plaintiff's claims against it for failure to plead a plausible claim, and for all other and further relief to which they may be justly entitled in either law or equity.

---

[17] *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019)
[18] *Gonzalez v. Trevino*, 602 U.S. 653, 655 (2024) (citing *Nieves*, 587 U.S. at 407).
[19] Pl.'s 1st Amend. Compl., Dkt. 15, ¶ 102.
[20] *See, e.g.*, *Castro v. Salinas*, No. 518CV00312JKPESC, 2020 WL 3403071, at *6 (W.D. Tex. June 19, 2020).

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By:      /s/ Stephen B. Barron
    Stephen B. Barron
    State Bar No. 24109619
    sbarron@w-g.com
    Blair J. Leake
    State Bar No. 24081630
    bleake@w-g.com

**ATTORNEYS FOR DEFENDANT
ELAINE MICHELLE REAMER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of July 2026, a true and correct copy of the foregoing document was caused to be served upon parties of record via E-File/E-Service/Email, in accordance with the Federal Rules of Civil Procedure. Additionally, a copy of this Reply has been sent by Certified Mail Return Receipt Requested to the last known address of this *pro se* plaintiff address as follows:

James Louis Roden Jr.
1005 Beaumont Street
League City, Texas 77573
Phone: (210) 482-0802
Email: jroden3@wgu.edu
*Pro se Plaintiff*

       /s/ Stephen B. Barron
       Stephen B. Barron