IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 5:26-cv-00054-XR |
| | § | |
| ELAINE MICHELLE REAMER, and | § | |
| COUNTY OF GUADALUPE, TEXAS | § | |
| *Defendants.* | § | |

---

**DEFENDANT GUADALUPE COUNTY'S REPLY IN SUPPORT
OF THE (12)(b)(6) MOTION TO DISMISS**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, the **County of Guadalupe, Texas** ("the County" or "Guadalupe County") now files this Reply in Support of its Motion to Dismiss Plaintiff James Louis Roden Jr.'s First Amended Complaint (Dkt. 18). In support, Guadalupe County would show the Court as follows:

## I.    ARGUMENTS & AUTHORITIES

### A. Count V: Plaintiff fails to state a plausible *Monell* claim.

1.    To survive dismissal, *Pro Se* Plaintiff James Louis Roden Jr. ("Plaintiff") must plead facts showing the existence of an official policy, practice, or custom attributable to Guadalupe County that was the moving force behind the alleged constitutional violation.[1] Plaintiff does not identify an official written policy and therefore he must plausibly allege a practice that was "so persistent and widespread as to practically have the force of law."[2] Plaintiff has not done so.

### a. Plaintiff's failure to plead a pattern of similar, prior instances entitles Guadalupe County to dismissal.

2.    Plaintiff's Response merely repackages the same conclusory allegations contained in his First Amended Complaint (the "Complaint"). Plaintiff's Complaint alleges that Guadalupe County, through its Sheriff's Office and final policy makers, maintained an unwritten custom or practice of: (1) failing to independently investigate or verify probable cause affidavits before seeking arrest warrants; (2) failing to properly train or supervise officers regarding warrant-affidavit preparation and disclosure obligations; and (3) ratifying the allegedly unconstitutional conduct of Sheriff's Office personnel.[3]

3.    Plaintiff's Response, like his Complaint, fails to identify any prior incidents indicative of a widespread or pervasive County practice beyond the circumstances of Plaintiff's own arrest or the same underlying incident, or incidents, that occurred ***after*** Plaintiff's arrest.[4] Because the

---

[1] *See Webb v. Town of St. Joseph*, 925 F.3d 209, 216 (5th Cir. 2019).

[2] *Murray v. City of Copperas Cove*, No. 1:23-CV-541-DII, 2024 WL 3799463, at *8 (W.D. Tex. Aug. 13, 2024) (citing *Johnson v. Harris County*, 83 F.4th 941, 946 (5th Cir. 2023)) ("To sufficiently plead that a practice is so persistent and widespread as to have the force of law, a plaintiff's description of the alleged policy cannot be conclusory and must contain specific facts.").

[3] Pl.'s 1st Amend. Compl., Dkt. 15, ¶¶ 113–27.

[4] *Id.* at 187–88 (Exhibit F) (listing incidents that occurred between May 13, 2025 and November 13, 2025); Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt.

---

incidents Plaintiff relies on post-date the alleged constitutional violation—his arrest on April 8, 2025—he cannot demonstrate that Guadalupe County maintained a custom or practice that was the moving force behind Plaintiff's alleged constitutional violation.[5]

4.  In short, Plaintiff still identifies no written policy and no similar, specific, and sufficiently numerous prior incidents to give rise to the plausible inference of an unofficial custom or policy.

> **b. Plaintiff's attempt to avoid dismissal by invoking the "extremely narrow" single incident exception overstates what was included in Plaintiff's First Amended Complaint. This Court should ignore his improper attempt to inject a new theory of municipal liability. Regardless, he has not pleaded facts establishing he is entitled to survive dismissal under that exception under Fifth Circuit precedent.**

5.  The Defense struggles to identify any factual allegations in the First Amended Complaint supporting Plaintiff's newly asserted "single incident" theory of municipal liability.[6] Nowhere in Count V does Plaintiff identify how a policymaker at Guadalupe County made a "single decision" that could represent a one-time policy that was the moving force of Plaintiff's alleged constitutional injury.[7] Instead, Plaintiff's Complaint alleges his arrest arose from a series of actions by multiple individuals over an extended period of time, including Investigator Reamer, unnamed sheriff personnel, County Attorney Office personnel, and even Michael Walker's criminal defense attorneys.[8] "For the single decision exception to apply, 'the constitutional harm in question

---

21, at 12 ("Plaintiff pleads the County's handling of Dolores Roden's sworn criminal complaint against Cody Koelle—a separate matter, **filed months after the warrants** . . . .").

[5] *Savage v. Harris County*, No. 4:24-CV-0666, 2025 WL 1697619, at *9 (S.D. Tex. June 17, 2025) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009)) ("Defendants are correct that Plaintiff cannot rely on incidents that occurred *after* the incident involving Plaintiff. The Fifth Circuit has explained that a pattern 'requires sufficiently numerous *prior* incidents.'").

[6] Pl.'s 1st Amend. Compl., Dkt. 15, ¶¶ 113–27.

[7] *Id.*

[8] Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 21, at 9–11.

---

must've been the plainly obvious consequence of the actor's *single decision*.'"[9] Plaintiff's convoluted theory, built on such a web of alleged conduct, does not plausibly allege one policymaker's single decision.

6.      Plaintiff's Response only compounds the problem. For the first time, Plaintiff expressly identifies Sheriff Ray as the purported final policymaker for purposes of his *Monell* claim and names specific members of his command staff.[10] It has long been established that facts and claims raised only in response to a dispositive motion are not properly before the Court.[11] Accordingly, "plaintiffs cannot bolster allegations of their complaints with new allegations stated in a response to a motion to dismiss."[12]

7.      In any event, like Plaintiff's pleadings regarding an unofficial policy, Plaintiff's Response fails to identify what specific decision Sheriff Ray allegedly made, when he made it, what alternatives were available to him, what role the named officers played in the alleged decision, or how that decision was the moving force of Plaintiff's alleged constitutional injury.[13] Instead, Plaintiff broadly references Sheriff Ray's position as Sheriff and his purported receipt of communications from Plaintiff regarding his arrest and the underlying investigation months after his arrest.[14]

---

[9] *Thompson v. McGehee*, 761 F. Supp. 3d 937, 944 (N.D. Tex. 2025) (quoting *Liggins v. Duncanville*, 52 F.4th 953, 955 (5th Cir. 2022)).

[10] Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 21, at 10, 13 (naming Sheriff Ray, Sgt. Mann, Captain MacHost, and Chief Deputy Skrzycki-Pfiel).

[11] *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *see also Calvin v. Harrington*, No. 3:19-CV-02294-G-BT, 2021 WL 932051, at *6 (N.D. Tex. Feb. 22, 2021) R&R adopted, No. 3:19-CV-2294-G (BT), 2021 WL 929103 (N.D. Tex. Mar. 11, 2021).

[12] *S.P. v. Ne. Indep. Sch. Dist.*, No. SA-21-CV-0388-JKP-RBF, 2021 WL 3272210, at *7 (W.D. Tex. July 30, 2021).

[13] *See* Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 21, at 10–11.

[14] *Id.* at 10, 13.

---

8.      Neither Plaintiff's Complaint nor his Response allege any instance wherein Sheriff Ray—or any other alleged final policymaker—made a deliberate choice among competing alternatives and thereby directed, ordered, approved, or instructed subordinates to engage in conduct that allegedly violated Plaintiff's constitutional rights.[15] The authorities cited in Plaintiff's Response require more.[16] Accordingly, this Court should disregard Plaintiff's new "single decision" theory, and grant Guadalupe County's Motion to Dismiss.

### c.  Plaintiff's ratification theory fails as a matter of law.

9.      Plaintiff does not meaningfully dispute that this case bears no resemblance to the rare and extreme circumstances presented in *Grandstaff* and the other rare cases in which courts have found ratification claims to be viable.[17] Instead, Plaintiff asserts, without citing any authority for support, that a final policymaker's alleged knowledge of a constitutional violation and failure to correct it is itself "probative of custom and deliberate indifference, independent of whether the underlying act is 'extreme.'"[18]

10.     Defendant can only infer that Plaintiff is attempting to recast this "failure to correct" theory

---

[15] *See, e.g.*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 (1986) (discussing situation in which supervisors of sheriff deputies, who were final policymakers, made "single decision" to tell the deputies to forcibly enter the plaintiff's clinic).

[16] *Id.* at 483 ("We hold that municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."); *Turner v. Upton County*, 915 F.2d 133, 138 (5th Cir. 1990) (holding county liable for sheriff's actions in planting evidence and coercing plaintiff to plead guilty of resulting charges despite knowledge of innocence, concluding "[w]hen the official representing the ultimate repository of law enforcement power in the county makes a deliberate decision to abuse that power to the detriment of its citizens, county liability under section 1983 must attach, provided that the other prerequisites for finding liability under that section are satisfied"); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996) (holding that municipal liability may exist for a single decision "if that decision were made by a final policymaker responsible for that activity").

[17] Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 21, at 13–14.

[18] *Id.* at 14.

---

as evidence of an unofficial policy or custom under *Monell*, rather than a true ratification claim. But that theory fares no better. In *Milam*, the Fifth Circuit expressly held that the mere fact that policymakers failed to take disciplinary action does not prove that they knew of and approved the illegal character of the officers' actions or that the actions accorded with municipal policy.[19] The *Milam* court further observed that "it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation."[20]

11.    As in *Milam*, Plaintiff's allegations concern complaints and correspondence sent months after his arrest. Under *Milam*, those allegations are insufficient as a matter of law to state a plausible ratification claim or establish municipal liability under *Monell*.

### d. Plaintiff appears to abandon his failure to train and failure to supervise theories of municipal liability.

12.    Plaintiff does not meaningfully respond to the County's arguments regarding his failure-to-train and failure-to-supervise theories.[21] Plaintiff does not attempt to identify a pattern of similar constitutional violations, nor does he plead facts demonstrating deliberate indifference as required by Fifth Circuit precedent.[22] Instead, Plaintiff acknowledges the narrow nature of such claims and expressly states that his *Monell* claim purportedly survives on other theories. As shown *supra*,

---

[19] *Allen v. City of Galveston*, No. CIV.A. G-06-467, 2008 WL 905905, at *8 (S.D. Tex. Mar. 31, 2008) (citing *Milam v. City of San Antonio*, 113 Fed. Appx. 622, 626 (5th Cir. 2004)).
[20] *Milam*, 113 Fed. Appx. at 628.
[21] *See* Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 21, at 14.
[22] *See Hutcheson v. Dallas County*, 994 F.3d 477, 482 (5th Cir. 2021) (explaining to show deliberate indifference in a failure to train or supervise claim, "a plaintiff normally must allege a pattern of similar constitutional violations by untrained employees"); *see, e.g.*, *Murray*, No. 1:23-CV-541-DII, 2024 WL 3799463, at *9 (dismissing a Plaintiff's failure-to-train Monell claim when that Plaintiff similarly "largely relie[d] on the fact that the Incident occurred to suggest that [the City] must have inadequate policies" or that the City "failed to train all officers involved in the Incident on lawful arrests").

---

Plaintiff's alternative theories of municipal liability fail as well. Accordingly, Plaintiff has not plausibly pleaded municipal liability under *Monell*, and Count V should be dismissed in its entirety.

**B. Count IV: Plaintiff has not plausibly plead a prima facie case for retaliation or interference under Title V of the ADA or Section 504 of the Rehabilitation Act.**

13. To state a prima facie case for retaliation under either Section 504 or the ADA, Plaintiff must show that (1) he was engaged in a protected activity; (2) adverse action was taken against him; and (3) a causal connection exists between the protected activity and adverse action.[23] "To establish a causal link between the protected conduct and the adverse action, a plaintiff must show that the defendant's decision was based in part on knowledge of the plaintiff's protected activity."[24]

**a. Plaintiff's acts in violation of state law are not a protected activity.**

14. Plaintiff offers only his own characterization of his conduct as "advocacy" to support the conclusion he was engaged in protected activity.[25] Apart from the ADA accommodation request for Shelby,[26] Plaintiff's communications contained in Exhibit D to his Complaint consist of complaints about subpoenas issued to members of Plaintiff's family, criticisms of the prosecution,

---

[23] *See Kerns v. Smith County*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *9 (E.D. Tex. Mar. 25, 2025), R&R adopted sub nom. *Kerns v. Smith County*, No. 6:24-CV-00427, 2025 WL 2694846 (E.D. Tex. Sept. 22, 2025).

[24] *Id.* (quoting *Bracken v. G6 Hospitality, LLC*, No. 4:14-cv-644-ALM-CAN, 2016 WL 3946791, at *7 (E.D. Tex. June 3, 2016), R&R adopted, 2016 WL 3917701 (E.D. Tex. July 20, 2016)) (cleaned up).

[25] "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Bracken*, No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791, at *5 (quoting *Amos v. Palmetto Gov't Benefit Adm'r*, 122 Fed. Appx. 105, 109 (5th Cir. 2005)). Courts must disregard legal conclusions that are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[26] Making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity, *Way v. City of Missouri City*, 133 F.4th 509, 522 & n.20 (5th Cir. 2025). but Plaintiff's claim with respect to his request for ADA accommodations on behalf of Shelby is deficient under the third prong—Plaintiff has not pleaded any facts indicating that the County retaliated against Plaintiff because of such accommodations request—addressed *infra*.

---

attempts to influence the handling of Jamie Walker's criminal case, arguments regarding witness credibility, and assertions regarding Jamie Walker's innocence.[27] Those communications are not requests for disability accommodations or efforts to secure ADA rights and cannot be transformed into protected activity simply because Plaintiff labeled himself an "advocate."[28]

15.    Other attached exhibits reveal the same and further belie Plaintiff's characterization of his conduct as "advocacy" or protected activity: Plaintiff had undertaken a substantial campaign of advocacy on his sister Jamie Walker's behalf and obtained sworn affidavits, recorded statements, and video testimony from Shelby that contradicted statements she had previously provided to law enforcement in attempt to establish Jamie's innocence.[29] In such video testimony—the March 19, 2025 FaceTime recording—Plaintiff is not requesting accommodations, advocating for equal access, or attempting to secure disability-related services. Rather, Plaintiff is seen asking leading questions and repeatedly coercing the mentally diminished Shelby into giving answers that exonerate his sister, Jamie Walker, of having any knowledge or participatory role in the ongoing rape that Michael subjected Shelby to, which eventually led to her pregnancy.[30]

16.    Based on those actions and other acts in violation of state law, Plaintiff was arrested for witness tampering based on his communications with Shelby and his efforts to influence and alter her previous account of events in an ongoing criminal prosecution.[31] As the Eighth Circuit stated

---

[27] *See* Pl. 1st Amend. Compl., Dkt. 15, at 96–147.

[28] *See Iqbal*, 556 U.S. at 678–79 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice).

[29] Pl. 1st Amend. Compl., Dkt. 15, at 108–09 (asserting that Shelby had signed sworn affidavits stating that Jamie was innocent of any involvement in Michael's rape of Shelby and had "provided a video statement affirming this").

[30] **Ex. 1**, *Roden Jr. Facetime Video March 19, 2025*, **9:30 – 10:45**.

[31] *See* Pl. 1st Amend. Compl., Dkt. 15, at 64 – 66 (Warrant for Arrest); **Ex. 2**, *Shelby Interview with Sgt. Reamer August 19, 2024*, **4:40 – 8:45** (stating that Jamie "knew" that Michael was having sex with her); **8:50 – 9:50** (stating that Jamie would touch Michael "down there" while Michael

in *Bradley ex rel. Bradley*, acts taken "in violation of state law likely are not protected activities."[32] Plaintiff's retaliation claims under the ADA and Section 504 Rehabilitation Act accordingly fail at the outset because Plaintiff has failed to plead facts demonstrating he engaged in a protected activity.

>    **b. Even if the Court assumes Plaintiff engaged in protected activity, Plaintiff fails to show a genuine issue of material fact as to a causal connection between such activity and his arrest.**

17.    Assuming *arguendo* that Plaintiff's March 23, 2025 "ADA Accommodation Request for Shelby" filed in Jamie Walker's criminal proceedings could constitute protected activity for purposes of unlawful retaliation under the ADA, Plaintiff's claims still fail.[33] Namely, Plaintiff stumbles at the third prong, which requires him to plead facts that plausibly establish a causal connection between any such protected activity and any adverse action.[34]

18.    Plaintiff has not pleaded any facts indicating that Defendant retaliated against him because Plaintiff requested accommodations on Shelby's behalf. Contrary to Plaintiff's conclusory allegations that the April 7, 2025 issuance of the warrant was caused by his request for accommodations on Shelby's behalf,[35] neither the warrant of arrest nor the supporting probable-

---

touched Shelby with his "hand"); **9:50 – 11:30** (stating that Jamie would "sometimes" make Shelby touch Michael sexually and that she did not want to have Michael's child).

[32] *Bradley ex rel. Bradley v. Arkansas Dep't of Educ.*, 443 F.3d 965, 976 (8th Cir. 2006).

[33] Pl.'s 1st Amend. Compl., Dkt. 15, at 98–100; *Kerns v. Smith County*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *9 (citing *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008)) (holding that it was "uncontested that Plaintiff engaged in a 'protected activity'" when plaintiff requested accommodation under the ADA including extended deadlines, oral hearings, and enhanced access to the court's filing system).

[34] *See, e.g.*, *Kerns*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *1, *9 (dismissing plaintiff's Title V retaliation claim where he failed to establish a causal link between his request for accommodations and the Judge's actions transferring plaintiff's case into his court and scheduled seven motions in one day).

[35] *See, e.g.*, *id.* at *9 ("Plaintiff's conclusory allegations of the request for accommodations that he submitted to Defendants and a myriad of Defendants' post-request actions are not enough to meet his burden under Federal Rule of Civil Procedure 12(b)(6).").

---

cause affidavit references Plaintiff's March 23, 2025 ADA accommodation request, much less relies on it as a basis for the charge.[36]

19.    Unable to identify any link between the accommodation request and the warrant, Plaintiff relies almost exclusively on temporal proximity.[37] However, "the mere fact that some adverse action is taken after" protected activity "will not always be enough for a prima facie case."[38] Indeed, the Fifth Circuit has held that "[w]ithout more than timing allegations, and based on [a] legitimate, nondiscriminatory reason," retaliation claims fail as a matter of law.[39]

20.    Here, the Plaintiff's Complaint itself provides an obvious, non-retaliatory explanation for the timing of the warrant. The probable cause affidavit and the exhibits to Plaintiff's Complaint show that Defendant obtained the FaceTime recording that supported probable cause for witness tampering on or about March 19, 2025.[40] Thus, Plaintiff's own pleadings supply the legitimate, nondiscriminatory basis for the warrant.

21.    The Eastern District recently rejected a similar ADA retaliation claim in *Kerns v. Smith County*, where the plaintiff unquestionably requested ADA accommodations during his state court case but failed to plead facts connecting the protected activity and any adverse action taken by defendants.[41] The same defect exists here. Plaintiff offers only conclusory assertions and timing

---

[36] *See* Pl. 1st Amend. Compl., Dkt. 15, at 64–66.

[37] *See* Pl. 1st Amend. Compl., Dkt. 15, ¶ 110; Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 21, at 7.

[38] *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 541 (S.D. Tex. 2011) (quoting *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004)).

[39] *Roberson v. Alltel Info. Services*, 373 F.3d 647, 656 (5th Cir. 2004) (citing *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471–72 (5th Cir.2002)); *Swanson v. Gen. Services Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) ("However, once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive.").

[40] *See* Pl. 1st Amend. Compl., Dkt. 15, at 64–66.

[41] *Kerns*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *9.

---

allegations, but no facts plausibly linking his arrest to the ADA accommodations request. Accordingly, even assuming Plaintiff engaged in protected activity by filing the March 23, 2025, ADA accommodations request, he has failed to plead facts indicating that Defendant retaliated against him because of this accommodations request.

## II.    PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant, the County of Guadalupe, Texas, respectfully requests that this Court dismiss Plaintiff's claims against it for failure to plead a plausible claim, and for all other and further relief to which they may be justly entitled in either law or equity.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By:_____/s/ Stephen B. Barron_____
    Stephen B. Barron
    State Bar No. 24109619
    sbarron@w-g.com
    Blair J. Leake
    State Bar No. 24081630
    bleake@w-g.com

**ATTORNEYS FOR DEFENDANT**
**COUNTY OF GUADALUPE, TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of July 2026, a true and correct copy of the foregoing document was caused to be served upon parties of record via E-File/E-Service/Email, in accordance with the Federal Rules of Civil Procedure. Additionally, a copy of this Reply has been sent by Certified Mail Return Receipt Requested to the last known address of this *pro se* plaintiff address as follows:

James Louis Roden Jr.
1005 Beaumont Street
League City, Texas 77573
Phone: (210) 482-0802
Email: jroden3@wgu.edu
*Pro se Plaintiff*

/s/ Stephen B. Barron
Stephen B. Barron