UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

July 15, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____RR_____
                    DEPUTY

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR, *Plaintiff* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Case No.  SA-26-CA-00054-XR |
| ELAINE MICHELLE REAMER, COUNTY OF GUADALUPE, TEXAS, *Defendants* | §<br>§<br>§<br>§ | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT GUADALUPE COUNTY'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

Plaintiff James Louis Roden Jr., pro se, files this limited Sur-Reply to address two matters raised for the first time in Defendant Guadalupe County's Reply (Dkt. 24).

**I. Plaintiff's final-policymaker theory was pleaded in the Complaint; it was not raised for the first time in Plaintiff's Response.**

1.    The Reply states that Plaintiff, "[f]or the first time," identified Sheriff Ray as the County's final policymaker "in [his] Response." (Dkt. 24 ¶ 6.) The record is otherwise.

2.    The First Amended Complaint pleads the theory. Paragraph 114 alleges that "[i]n Texas, the sheriff is the county's final policymaker for law-enforcement functions, including the supervision and practices of sheriff personnel preparing warrant affidavits," and its supporting footnote cites *Turner v. Upton County*, 915 F.2d 133 (5th Cir. 1990) (Texas sheriff is final law-enforcement policymaker), together with *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), and *Monell*. (Compl. ¶ 114 & n.7.) Count V incorporates all preceding paragraphs. (Compl. ¶

113.) Plaintiff's Response identified Paragraph 114 as the source of the pleaded theory. (Dkt. 21 at 9–10.)

3.      The theory was not confined to a single paragraph; it was pleaded throughout the Complaint. It is announced in the parties allegations, which allege that Guadalupe County is liable "through its Sheriff's Office practices, policymakers, ratification, training failures, and prosecutor-directed warrant process." (Compl. ¶ 13.) It is developed in the factual background, which alleges that "Reamer and county officials" sought first-degree felony warrants without basic investigation (Compl. ¶ 63), and that the affidavit was "unusually thin compared with Reamer's own investigative practice," a thinness pleaded in light of "Reamer's supervisory role … and oversight of other investigators" (Compl. ¶ 65). It is pleaded by name in Count V (Compl. ¶ 114), and substantiated by the allegations incorporated into Count V by ¶ 113—a pleaded "sheriff-side law-enforcement custom and failure of supervision" (¶ 115), a practice "not limited to Plaintiff's warrant" but extending to "three coordinated first-degree felony witness-tampering warrants" (¶ 118), and "the challenged municipal conduct [that] is the Sheriff's Office practice … [including] failure to supervise warrant affidavits" (¶ 122). A theory appearing in the parties allegations, the factual background, and the cause of action alike was not raised for the first time in the Response.

4.      Identifying the Sheriff by name in the Response introduced no new theory; the "sheriff" is the office that Paragraph 114 already names as the County's final law-enforcement policymaker. Because the theory was pleaded, the rule that a plaintiff may not amend through a response has no application here—there is nothing new to disregard. *Cutrera*, 429 F.3d at 113.

5.      Defendant's Motion did not address the final-policymaker or single-decision route. A movant bears the burden on a Rule 12(b)(6) motion, and a motion that does not address a pleaded

basis for liability cannot obtain its dismissal. *Webb v. Town of St. Joseph*, 925 F.3d 209, 214 (5th Cir. 2019). Plaintiff does not, by this Sur-Reply, re-argue the sufficiency of that route; he asks only that the Court not treat it as newly raised, because it was not.

**II.  The argument that Plaintiff's advocacy is "not protected activity" because it violated state law appears for the first time in reply and, in any event, assumes a fact the Court may not credit at this stage.**

6.      Defendant's Motion challenged protected activity on one ground only: that S.J.K. was not "denied any participation in any activity by Guadalupe County on the basis of her disability." (Dkt. 18 ¶ 19.) The argument that Plaintiff's advocacy is not protected because it was "in violation of state law" (Dkt. 24 ¶ 16, citing *Bradley*) appears for the first time in the Reply. Under the authority Defendant itself invokes, that argument is not properly before the Court. *Cutrera*, 429 F.3d at 113; *Jones*, 600 F.3d at 541.

7.      The argument also fails on its own terms, because it assumes the very fact in dispute— that Plaintiff committed witness tampering. That fact has never been adjudicated. Plaintiff was not indicted, was not convicted, and the charge was declined. At the pleading stage the Court accepts Plaintiff's well-pleaded allegations: that he acted as a mandated reporter and disability advocate, expressly asked S.J.K. whether she was being coerced or forced, and documented her sworn confirmation that she was acting of her own free will. (Compl. ¶¶ 37–39, 44–45.) The Court may not assume the contrary in order to defeat the claim.

8. The presumption of innocence independently forecloses the argument. Plaintiff is presumed innocent of the charged offense as a matter of constitutional right, and that presumption has never been overcome—he was not indicted, was not convicted, and the charge was declined.

Defendant's contention that Plaintiff's advocacy is "not protected activity" because it was "in violation of state law" asks the Court to treat Plaintiff as guilty of an offense for which he was never indicted, tried, or convicted, in order to defeat a claim that depends on his not having been. That inverts the burden the Constitution assigns. An advocacy claim is not defeated by labeling the advocacy criminal where no adjudication of criminality exists and the constitutional presumption runs the other way; whether protected activity occurred turns on Plaintiff's reasonable, good-faith belief that he was aiding a disabled person's exercise of protected rights, not on a criminality the record does not establish and the Court may not assume.

9.      *Bradley* does not hold otherwise. It states only that acts "in violation of state law *likely* are not protected activities," 443 F.3d at 976 (emphasis added), and it addresses established violations—not a declined, un-adjudicated accusation that the plaintiff denies. Protected activity under Title V turns on a reasonable, good-faith belief that one is aiding another's exercise of ADA-protected rights; it does not require that the underlying conduct ultimately be adjudged lawful.

10.      Defendant's reliance on *Kerns v. Smith County*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094 (E.D. Tex.), does not support dismissal here. *Kerns* involved a disabled litigant's claim that a state district judge and a state court denied him accommodations in his own court proceedings; his Title V retaliation claim was derivative of that Title II accommodation claim. The court dismissed the Title V claim principally on sovereign-immunity grounds—holding that Title V "alone does not abrogate Texas's sovereign immunity" and that, because the underlying Title II claim against the state defendants did not abrogate immunity, the Title V claim was "also barred." The official-capacity claims against the state-judge defendants were dismissed without prejudice for lack of jurisdiction on that basis. Those grounds have no application here.

Plaintiff's claim is against Guadalupe County, a local government that does not enjoy Eleventh Amendment immunity, so the sovereign-immunity rationale that controlled *Kerns* is absent. And Plaintiff's claim is not a derivative Title II accommodation claim by the disabled person; it is a retaliation claim by an advocate. *Kerns* did not address that theory and does not govern it.

For these limited reasons, Plaintiff respectfully requests that, in ruling on the County's Motion, the Court decline to treat the two matters identified above as properly raised, and in any event reject them for the reasons stated herein and in Plaintiff's Response (Dkt. 21).

Respectfully submitted,

/s/ James Louis Roden Jr.
James Louis Roden Jr.
Plaintiff, Pro Se
1005 Beaumont Street
League City, Texas 77573
(210) 482-0802
jimlouisroden@gmail.com