IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR.,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 5:26-cv-00054-XR |
| ELAINE MICHELLE REAMER, and<br>COUNTY OF GUADALUPE, TEXAS<br>    *Defendants*. | §<br>§<br>§<br>§ | |

## DEFENDANTS' JOINT OPPOSED MOTION TO STAY DISCOVERY

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Defendants, the **County of Guadalupe, Texas** ("Guadalupe County") and **Guadalupe County Sergeant Elaine Michelle Reamer** ("Sgt. Reamer") (collectively "Defendants"), and files their Joint Opposed Motion to Stay Discovery and would respectfully show the Court as follows:

## I.   SUMMARY OF THE ARUGMENT

1.     The Defense moves for a stay of discovery pending the resolution of Sgt. Reamer's 12(b)(6) motion to dismiss that raised the defense of qualified immunity. Plaintiff opposes this motion—conceding that discovery against Sgt. Reamer should be stayed yet claiming that at least bifurcated discovery against the County should proceed. In *Citcheu v. Travis County, Texas*, the Western District of Texas addressed this exact issue. The *Citcheu* Court stayed discovery in the <u>entire case</u> pending the resolution of the individual officials' qualified immunity defense and denied the plaintiff's request to proceed with bifurcated discovery against Travis County.[1]

2.     *Citcheu* held "[i]f the Court were to permit discovery as to the *Monell* claim against Travis County, the individual defendants asserting qualified-immunity defenses would likely need to participate in that discovery. *Carswell* prohibits that result."[2] For the same reasons, this Court should stay discovery against Guadalupe County pending the resolution of the qualified immunity defense at the pleadings stage.

## II.   PROCEDURAL HISTORY

3.     On January 5, 2026, Plaintiff filed his Complaint (Dkt. 1), which he later Amended with leave from the Court (Dkt. 15). In his First Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 against Sgt. Reamer in her individual capacity for false arrest, malicious prosecution, and retaliatory arrest under the First Amendment and further asserts ADA Title V, Rehabilitation Act, and *Monell* claims against Guadalupe County.[3]

4.     On June 22, 2026, Sgt. Reamer filed her Rule 12(b)(6) Motion to Dismiss (Dkt. 17)

---

[1] *Citcheu v. Travis Cnty., Tex.*, No. 1:25-CV-01442-DAE, 2026 WL 1045931, at *2 (W.D. Tex. Apr. 16, 2026).
[2] *Id*.
[3] Pl.'s 1st Amend. Compl., Dkt. 15, ¶¶ 85–127.

asserting qualified immunity. That same day, Guadalupe County filed its Rule 12(b)(6) Motion to Dismiss (Dkt. 18) seeking dismissal of Plaintiff's claims against it.

5.      On July 17, 2026, Plaintiff emailed counsel for Defendants seeking to confer regarding a proposed a scheduling order. In that correspondence, Plaintiff proposed a bifurcated discovery approach under which discovery would immediately proceed against Guadalupe County on Counts III through VI while discovery directed toward Sgt. Reamer would be stay until the Court ruled on her pending Rule 12(b)(6) Motion to Dismiss.

6.      Defendants now move the Court to stay all discovery in this case pending resolution of the qualified-immunity issues.

### III.      ARGUMENTS AND AUTHORITIES

1.      Sgt. Reamer's Rule 12(b)(6) Motion to Dismiss asserts Sgt. Reamer is entitled to qualified immunity for Plaintiff's claims of false arrest, malicious prosecution, and retaliatory arrest.[4] Sgt. Reamer's qualified immunity defense is not merely a defense to liability; it is an immunity from suit.[5] Consistent with that principle, "one of the most important benefits of the qualified immunity defense is 'protection from pretrial discovery.'"[6] This is generally because, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"[7] Accordingly, a district court "may not permit discovery

---

[4] Def. Reamer's 12(b)(6) Mot. to Dismiss Pl.'s 1st. Am. Compl., Dkt. 17.
[5] *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022).
[6] *Id.* (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993) ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself. "[I]t is effectively lost" if a case is erroneously permitted to proceed at the district court level . . . .") (internal citations omitted).

against the immunity-asserting defendants before it rules on their defense."[8]

2.      Although Plaintiff acknowledges that discovery directed towards Sgt. Reamer should be stayed until resolution of her qualified-immunity defense, he contends that discovery should nevertheless proceed against Guadalupe County, which cannot assert qualified immunity. This bifurcated discovery approach proposed by Plaintiff was squarely rejected by the Fifth Circuit in *Carswell*. There, the Fifth Circuit vacated the district court's scheduling order permitting discovery as to the plaintiff's municipal-liability claim and staying discovery as to the defendants asserting qualified immunity.[9] Noting that *Iqbal* "ruled out even 'minimally intrusive discovery' against official defendants" before a qualified-immunity ruling, the *Carswell* court concluded that allowing the limited depositions to proceed would "exacerbate[ ] the burdens of litigation" and that bifurcating discovery would "radically complicate the case."[10]

3.      As further explained by the Fifth Circuit in *Carswell*:

> *Iqbal* squarely prohibits interpreting our "careful procedure" as allowing tailored discovery before a district court rules on an official's motion to dismiss. When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"*cabined or otherwise*"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense. *Ibid*. The rule is that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation"—full stop.[11]

---

[8] *Carswell*, 54 F.4th at 311 (citing *Backe*, 691 F.3d at 648) ("The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without any discovery.").

[9] *Id.* at 313.

[10] *Id.* at 312–14 (explaining that *Iqbal* forecloses even "minimally intrusive discovery" before resolution of qualified); *see also Iqbal*, 556 U.S. at 686 (2009) (emphasizing that qualified immunity is intended to prevent high-level officials from being "deterred [or] detracted from the vigorous performance of their duties"); *Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993) ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself. "[I]t is effectively lost" if a case is erroneously permitted to proceed at the district court level . . . .") (internal citations omitted).

[11] *Carswell*, 54 F.4th at 312 (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021)); *see also Majors v. City of Canton, Mississippi*, No. 25-60148, 2025 WL 3755537, at *2 (5th Cir.

---

4.      Recently, in *Citcheu v. Travis County*,[12] the Western District of Texas applied *Carswell* to reject almost an identical bifurcated discovery proposal. There, the plaintiffs argued that even if discovery should be stayed as to the individual county sheriff and county-employed physician defendants asserting qualified immunity, *Monell* discovery should nevertheless proceed against the county defendant, including requests for county records, policies, training materials, comparable incidents, and other institutional records.[13] The court rejected plaintiffs' proposal and entered a complete stay of discovery, explaining that discovery directed toward the county would inevitably require participation by the individual defendants asserting qualified immunity.[14]

5.      As in *Citcheu*, Plaintiff's bifurcated discovery plan is inappropriate because the claims against Guadalupe County and Sgt. Reamer are inextricably intertwined. Plaintiff's retaliation and interference claims under the ADA and Rehabilitation Act, and *Monell* claims brought against Guadalupe County all arise from Sgt. Reamer's investigation, warrant application, and arrest.[15] Thus, discovery directed toward Guadalupe County would necessarily require Sgt. Reamer's participation in the litigation while her qualified-immunity defense remains pending, undermining "[o]ne of the most salient benefits of qualified immunity."[16]

6.      That is precisely the result prohibited by *Carswell* and *Iqbal*. Thus, pursuant to the clear direction from the Supreme Court and the Fifth Circuit, Defendants respectfully request that this Court issue an order staying all discovery in this matter until the resolution of the qualified-

---

Dec. 29, 2025) ("*Carswell* clarified that a court may order limited discovery only after it has denied an immunity-based motion to dismiss and the defendants have moved for that discovery.").

[12] *Citcheu v. Travis County*, No. 1:25-CV-01442-DAE, 2026 WL 1045931 (W.D. Tex. Apr. 16, 2026).

[13] *Id.* at *1–2.

[14] *Id.* at *2 (citing *Carswell*, 54 F.4th at 313).

[15] *See* Pl.'s 1st Amend. Compl., Dkt. 15, ¶¶ 110, 116.

[16] *See id.* at *1 (quoting *Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 223 (5th Cir. 2018)).

immunity issues.

7.     Defense counsel conferred with Plaintiff on July 17, 2026, via email regarding this Motion, and Plaintiff indicated that he was opposed to this Motion.

## IV.     CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants County of Guadalupe, Texas, and Guadalupe County Sergeant Elaine Michelle Reamer respectfully request that this Court issue an Order staying all discovery in this case, pending the Court's qualified immunity ruling, and request such other and further relief to which Defendants may show themselves to be justly entitled, at law and in equity.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas  78723
(512) 476-4600
(512) 476-5382 – Fax

By:_____/s/ Stephen B. Barron_____
     Stephen B. Barron
     State Bar No. 24109619
     sbarron@w-g.com
     Blair J. Leake
     State Bar No. 24081630
     bleake@w-g.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July 2026, a true and correct copy of the foregoing document was caused to be served upon the following *Pro Se* Plaintiff via E-File/E-Service (CM/ECF) and/or E-Mail, in accordance with the Federal Rules of Civil Procedure, as follows:

James Louis Roden Jr.
1005 Beaumont Street
League City, Texas 77573
(210) 482-0802
jimlouisroden@gmail.com
*Plaintiff, Pro Se*

                                 /s/ Stephen B. Barron
Stephen B. Barron

## CERTIFICATE OF CONFERENCE

Counsel for the Defense conferred with the pro se Plaintiff on July 17, 2026, via email, and Plaintiff stated that he was opposed to this Motion.

                                 /s/ Stephen B. Barron
Stephen B. Barron