**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR., | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:26-cv-00054-XR |
| | § | |
| ELAINE MICHELLE REAMER, and | § | |
| COUNTY OF GUADALUPE, TEXAS | § | |
|    Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT OPPOSED**
**MOTION TO STAY DISCOVERY**

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

1. Plaintiff James Louis Roden Jr., appearing pro se, respectfully submits this response to Defendants' Joint Opposed Motion to Stay Discovery (Dkt. 27). Plaintiff does not oppose a stay of discovery as to Sgt. Reamer, and he does not press his earlier request as it concerned his municipal-liability claim. He writes briefly to clarify his position and to ask only that any stay be entered without prejudice to revisiting the question as to his claims under Title V of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

## I.  CLARIFICATION OF PLAINTIFF'S POSITION

2. Defendants' motion states that Plaintiff "conced[ed] that discovery against Sgt. Reamer should be stayed." (Dkt. 27, at 2, ¶ 1; *see also id.* at 4, ¶ 2.) Plaintiff may not have expressed himself clearly in correspondence, and offers this clarification. His July 17, 2026 email stated, "I do respectfully oppose the motion," and then addressed the scope of any stay in the alternative, introducing that discussion with the words "*even if* a stay is entered." (Ex. A.) He intended the second point as an alternative rather than an agreement to the first.

1

3. Plaintiff makes this observation once and does not press it further. He offers it only because the scope of a stay may be revisited at a later stage, and he would not wish a misunderstanding on his part to carry forward. He intends no criticism of counsel, who was under no obligation to read the correspondence as Plaintiff intended it.

## II.  PLAINTIFF DOES NOT OPPOSE A STAY AS TO SGT. REAMER OR THE MUNICIPAL-LIABILITY CLAIM

4. Having reviewed the authorities Defendants cite, Plaintiff does not oppose a stay of discovery directed to Sgt. Reamer while her qualified-immunity defense is pending. *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022), holds that a district court "may not permit discovery against the immunity-asserting defendants before it rules on their defense." Plaintiff accepts that holding and does not ask the Court to depart from it.

5. Plaintiff also does not press his earlier request as it concerned Count V, his municipal-liability claim. *Carswell* vacated a scheduling order that permitted municipal-liability discovery while staying discovery as to the immunity-asserting defendants, *id.* at 313, and *Citcheu v. Travis County*, No. 1:25-CV-01442-DAE, 2026 WL 1045931, at *2 (W.D. Tex. Apr. 16, 2026), applied that holding to a comparable request. Rather than ask this Court to reach a different result, Plaintiff withdraws that portion of his request.

## III.  PLAINTIFF RESPECTFULLY ASKS THAT THE STATUTORY CLAIMS BE PRESERVED FOR LATER CONSIDERATION

6. One question remains, and Plaintiff raises it narrowly. Count IV asserts claims under Title V of the ADA, 42 U.S.C. § 12203(a)–(b), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, against the County alone. Sgt. Reamer is not a defendant on those counts, and no party has asserted immunity as to them.

2

7. The decisions Defendants rely upon addressed municipal liability under 42 U.S.C. § 1983. *Carswell* and *Citcheu* each involved *Monell* claims, under which an entity's liability is derivative — it depends upon an underlying constitutional violation by an individual official. That dependence is why, in those cases, discovery directed to the entity would have drawn in the officials asserting immunity. As the *Citcheu* court explained, "[i]f the Court were to permit discovery as to the *Monell* claim against Travis County, the individual defendants asserting qualified-immunity defenses would likely need to participate in that discovery." 2026 WL 1045931, at *2.

8. A claim under Title V is not derivative in that sense. Section 12203 creates an independent statutory cause of action against the covered entity, and liability does not depend on establishing that any individual officer violated the Constitution. The same is true of Section 504, which turns on the County's receipt of federal financial assistance and its operation of public programs. (Dkt. 15, ¶¶ 103–112.) Whether the reasoning of *Carswell* and *Citcheu* extends from derivative municipal-liability claims to independent statutory claims is a question those decisions did not present.

9. The claims at issue in those cases underscore the point. *Citcheu* arose from a death in custody and involved claims under § 1983 against the county, its sheriff, and a county-employed physician; the discovery sought concerned county records, policies, training materials, mortality reviews, and custodial and medical records. 2026 WL 1045931, at *1. No claim under the ADA or the Rehabilitation Act was presented, and the court had no occasion to consider whether an independent statutory claim stands differently. The court's finding that limited county discovery would draw in the individual defendants also rested on their particular positions — it reasoned that participation was likely "especially given their roles as Sheriff and County-employed

physician," *id.* at *3 — that is, the county's final policymaker and the decedent's treating provider, whose conduct was itself the substance of the municipal claim.

10. Defendants state that Plaintiff's ADA and Section 504 claims "arise from Sgt. Reamer's investigation, warrant application, and arrest." (Dkt. 27, at 5, ¶ 5.) Plaintiff respectfully notes that Count IV also rests on allegations concerning the County Attorney's Office's handling and dissemination of case information — including that county attorney personnel communicated with and conveyed case information to a witness, and that the accusation materials reached the County through that office rather than through a neutral investigation. (Dkt. 15, ¶¶ 29, 34, 62.) Those allegations concern county personnel who have asserted no immunity.

11. Plaintiff further notes, with respect, that while the County's motion to dismiss seeks dismissal of his claims generally, its argument as to Count IV addresses whether S.J.K. was "denied any participation in any activity" on the basis of her disability. (Dkt. 18, ¶ 19.) The motion does not brief 42 U.S.C. § 12203 or the interference theory pleaded under § 12203(b). (Dkt. 21, at 5–6.) Plaintiff does not ask the Court to resolve that question here, and raises it only because it bears on whether a ruling on the pending motion will fully resolve Count IV.

## IV.  REQUESTED RELIEF

12. Plaintiff does not ask the Court to permit discovery to proceed at this time. He asks only that any order granting the stay be entered *without prejudice* to his seeking leave, after the Court rules on the pending motions to dismiss, to conduct discovery limited to his ADA and Section 504 claims against the County. That relief requires no departure from *Carswell*, preserves the question rather than deciding it, and imposes no burden on Sgt. Reamer while her defense remains pending.

13. For the avoidance of doubt, Plaintiff understands Defendants' requested relief to be coextensive with its stated basis — a stay of discovery "pending the Court's qualified immunity ruling." (Dkt. 27, at 6.) Plaintiff does not understand the motion to seek, and does not understand this response to concede, any stay extending beyond the Court's resolution of the pending motions.

14. Plaintiff is grateful for the Court's attention to this matter and remains ready to confer with counsel on scheduling at whatever time the Court considers appropriate.

Respectfully submitted,

/s/ James Louis Roden Jr.
James Louis Roden Jr.
Plaintiff, Pro Se
1005 Beaumont Street
League City, Texas 77573
(210) 482-0802
jimlouisroden@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of July, 2026, a true and correct copy of the foregoing was served upon counsel for Defendants via the Court's CM/ECF system and/or electronic mail:

Stephen B. Barron and Blair J. Leake, Wright & Greenhill, P.C., 4700 Mueller Blvd., Suite 200, Austin, Texas 78723; sbarron@w-g.com; bleake@w-g.com.

/s/ James Louis Roden Jr.
James Louis Roden Jr.
Plaintiff, Pro Se

5