**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR., | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:26-cv-00054-XR |
| | § | |
| ELAINE MICHELLE REAMER, and | § | |
| COUNTY OF GUADALUPE, TEXAS | § | |
|    Defendants. | § | |

# EXHIBIT A

Email correspondence between Plaintiff and counsel for Defendants,
dated July 17, 2026, regarding a Rule 26(f) conference
and proposed scheduling order

Offered in support of Plaintiff's Response to Defendants'
Joint Opposed Motion to Stay Discovery (Dkt. 27), Section I

 Gmail

**Paladin R <jimlouisroden@gmail.com>**

## Rule 26(f) Conference and Proposed Scheduling Order — Roden Jr. v. Reamer, No. 5:26-cv-00054-XR

3 messages

---

**Paladin R** <jimlouisroden@gmail.com>                                    Fri, Jul 17, 2026 at 2:22 AM
To: Stephen Barron <sbarron@w-g.com>, bleake@w-g.com, Jodi Miller <jmiller@w-g.com>, Madalena Almanza <malmanza@w-g.com>, Samantha Almand <salmand@w-g.com>

Mr. Barron,

I am writing to confer regarding case scheduling in the above matter.

It appears the parties have not yet held the conference required by Federal Rule of Civil Procedure 26(f) or submitted a proposed scheduling order to the Court, as contemplated by Local Rule CV-16(c). I would like to confer so that we can prepare and submit a proposed scheduling order and Rule 26(f) report.

Please let me know whether you are available to confer by telephone on any of the following:

- Tuesday, July 21, 2026
- Wednesday, July 22, 2026
- Thursday, July 23, 2026

If none of those work, please propose an alternative in the same time frame. To make the conference productive, I suggest we each come prepared to discuss the matters identified in the Court's Standing Order and its Discovery Addendum — the claims and defenses, proposed discovery and its scope, preservation issues, and proposed deadlines for the scheduling order.

I would appreciate a response by Wednesday, July 22, 2026, so that we can hold the conference and submit the proposed scheduling order to the Court promptly.

Thank you,

James Louis Roden Jr.
Plaintiff, Pro Se
1005 Beaumont St., League City, TX 77573
(210) 482-0802
jimlouisroden@gmail.com

---

**Stephen Barron** <sbarron@w-g.com>                                    Fri, Jul 17, 2026 at 8:57 AM
To: Paladin R <jimlouisroden@gmail.com>
Cc: Blair Leake <bleake@w-g.com>, Jodi Miller <jmiller@w-g.com>, Madalena Almanza <malmanza@w-g.com>, Samantha Almand <salmand@w-g.com>

Mr. Roden:

Pending a qualified immunity determination, the Defense is permitted to an automatic stay of discovery until a ruling. We will be filing for that stay on Monday. After a ruling on the 12(b)(6), if necessary, we can revisit these scheduling items.

Sincerely,

## Stephen B. Barron

WRIGHT & GREENHILL, P.C  |  4700 Mueller Blvd, Suite 200  |  Austin, Texas 78723

*direct:* 512-708-5255  |  *main:* 512-476-4600  |  *fax:* 512-476-5382

sbarron@w-g.com  |  wrightgreenhill.com

This message is privileged and confidential.  If you are not the intended recipient, please delete the communication

[Quoted text hidden]

---

**Paladin R** <jimlouisroden@gmail.com>                                    Fri, Jul 17, 2026 at 8:56 PM
To: Stephen Barron <sbarron@w-g.com>
Cc: Blair Leake <bleake@w-g.com>, Jodi Miller <jmiller@w-g.com>, Madalena Almanza <malmanza@w-g.com>, Samantha Almand <salmand@w-g.com>

Dear Mr. Barron,

Thank you for your note, and for letting me know your plans for Monday. I appreciate you keeping me informed, and I wanted to share a few thoughts in the same spirit.

I do respectfully oppose the motion, and I wanted to explain why rather than just say so. As I understand Judge Rodriguez's Standing Order, a Rule 12 motion does not automatically stay discovery unless the filing party obtains a court order — which I believe is consistent with your plan to file for one. I may be missing something, and I'm open to hearing your view, but that is my understanding of where things stand.

I also wanted to raise one point I hope is helpful for both of us. My understanding is that qualified immunity is personal to Sergeant Reamer and applies only to the Section 1983 claims against her. It would not seem to reach the County of Guadalupe or the ADA claim, which is a statutory claim against the County. So even if a stay is entered, I don't think it can extend to the discovery relevant to the County's liability under Count IV or Count V. I'll respond to the motion once it's filed, and I'd ask that you please note it as opposed.

Separately, I understand the Rule 26(f) conference and proposed scheduling order are still due under Local Rule CV-16(c), independent of any stay of discovery. I would genuinely prefer to work on this together and submit a joint proposal, and I remain glad to confer whenever works for you. That said, so that we keep things moving, if we are not able to confer on scheduling, I intend to submit my required portion to the Court after Wednesday, July 22, 2026. I hope we can do it jointly instead, and I'm happy to make time this week if you are.

Finally, I've attached a Notice and Demand to Preserve Evidence. I don't send it to be difficult — I simply want to make sure nothing is inadvertently lost while these issues are sorted out, since the duty to preserve continues regardless of any stay. It follows up on the preservation request I sent back on May 5, 2025. For your records, I've also included a copy of that May 5, 2025 letter — both as it was mailed and as it was emailed — along with the email itself to which the letter was attached. If you could confirm that a litigation hold has been put in place, I'd be grateful.

Thank you again for your time and professionalism. I look forward to working through this with you.

Sincerely,
James Louis Roden Jr.
Plaintiff, Pro Se
1005 Beaumont St., League City, TX 77573
(210) 482-0802
jimlouisroden@gmail.com
[Quoted text hidden]

---

**3 attachments**

📄 **Exhibit E-017 PRESERVATION OF EVIDENCE REQUEST May 2025.pdf**
784K

📄 **B-028 May 5th 2025 - PRESERVATION OF EVIDENCE REQUEST CASE #24-02887 and CASE# 24-1775-CR-B.pdf**
119K

📄 **Jr_Notice_to_Preserve_Evidence July 17th 2026.pdf**
195K