IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN JR.,<br>    *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | Case No. 5:26-cv-00054-XR |
| | § | |
| ELAINE MICHELLE REAMER, and | § | |
| COUNTY OF GUADALUPE, TEXAS | § | |
|     *Defendants*. | § | |

## DEFENDANTS' REPLY IN SUPPORT OF JOINT OPPOSED MOTION TO STAY DISCOVERY

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants, the **County of Guadalupe, Texas** ("Guadalupe County") and **Guadalupe County Sergeant Elaine Michelle Reamer** ("Sgt. Reamer") (collectively "Defendants") now file this Reply in Support of their Motion to Stay Discovery. In support, Defendants would respectfully show the Court as follows:

## I.     ARGUMENTS AND AUTHORITIES

1.     In Response, Plaintiff requests that any stay of discovery be entered "without prejudice" to later seeking discovery on his ADA and Rehabilitation Act claims after the Court rules on the pending motions to dismiss. The Defense interprets the remaining portions of the Response as conceding that he is not opposed to Defendant's request for a complete stay of discovery.[1]

2.     Obviously, in the event Plaintiff's ADA and Rehabilitation Act claims survive dismissal, Defendant agrees any stay of discovery would then be lifted.[2]

3.     The Defense files this Response to the extent Plaintiff is arguing that the discovery stay could or should be lifted at some point in the future on his ADA and Rehabilitation Act claim while the motions to dismiss remain pending or while Sgt. Reamer's qualified immunity defense remains unresolved. As explained below, any such discovery would necessarily require Sgt. Reamer's participation and would therefore run afoul to *Iqbal*, *Carswell*, and *Citcheu*.

**A.     Plaintiff's ADA and Rehabilitation Act claims necessarily implicate Sgt. Reamer's conduct and would require her participation in any discovery.**

4.     To establish a prima facie claim for retaliation under either Title V of the ADA or Section 504, Plaintiff must show that he engaged in protected activity, suffered an adverse action, and that

---

[1] *See* Pl.'s Resp. to Defs.' Joint Opp. Mot. to Stay Discovery, Dkt. 28, ¶ 12.

[2] *See Congious by & through Hammond v. City of Fort Worth*, 690 F. Supp. 3d 571, 583 (N.D. Tex. 2023), *motion for relief from judgment granted sub nom. Congious by & through Hammond v. Shaw*, No. 4:22-CV-00092-O, 2024 WL 3434571 (N.D. Tex. July 16, 2024) (following a complete stay of discovery pending resolution of Rule 12(b)(6) motions asserting qualified immunity, including discovery related to the plaintiff's ADA and Rehabilitation Act claims against the county); *Lomax v. Thornton*, No. 1:26-CV-00025-ADA-SH, 2026 WL 1952765, at *2 (W.D. Tex. July 6, 2026) (granting motion to stay discovery pending court's ruling on the motion to dismiss asserting qualified immunity and holding that "[t]he stay will lift automatically when the District Court issues an order on the motion to dismiss."); *Willie v. Univ. of Tex. Sw. Med. Ctr.*, No. 3:25-CV-3235-B, 2026 WL 1601573, at *3 n.1 (N.D. Tex. June 3, 2026) ("The Court's decision on the Motion to Dismiss moots UTSW's Motion to Stay Discovery.").

---

a causal connection exists between the two.[3] A prima facie claim for interference under Title V of ADA has three requirements: (1) coercion, intimidation, threats, or interference toward an individual, (2) on the basis of that individual's exercise or enjoyment, or having exercised or enjoyed, or aiding or encouraging others in exercising or enjoying, (3) any right protected under the ADA.[4]

5.      Plaintiff's attempt to distinguish *Citcheu* actually supports Defendants' request for a complete stay. Plaintiff argues that *Citcheu*'s concern regarding discovery was tied to the sheriff and county physician's unique roles because their conduct formed the substance of the claims at issue.[5]

6.      The same is true here. The adverse action and interference Plaintiff identifies for purposes of his retaliation and inference claims under the ADA and his Rehabilitation Act claim is his arrest on witness tampering charges. That necessarily places Sgt. Reamer's warrant application, probable-cause determination, and arrest decision at the center of any potential discovery on Plaintiff's ADA and Rehabilitation Act claims.[6] Thus, as with the sheriff and county-employed physician in *Citcheu*, Sgt. Reamer will necessarily be drawn in and required to participate in discovery if a stay "without prejudice" is prematurely lifted for this claim.[7]

**B.      *Iqbal*, *Carswell*, and *Citcheu* focus on discovery participation by the immunity-asserting defendant. Because discovery on Plaintiff's ADA and Rehabilitation Act claims would require Sgt. Reamer's participation, a complete stay is required.**

---

[3] *See Kerns v. Smith County*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *9 (E.D. Tex. Mar. 25, 2025), R&R adopted sub nom. *Kernss v. Smith County*, No. 6:24-CV-00427, 2025 WL 2694846 (E.D. Tex. Sept. 22, 2025).

[4] *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 251 (5th Cir. 2025)

[5] *See* Pl.'s Resp. to Defs.' Joint Opp. Mot. to Stay Discovery, Dkt. 28, ¶ 9.

[6] Pl.'s 1st Amend. Compl., Dkt. 15, ¶ 108–09.

[7] *Citcheu v. Travis County*, No. 1:25-CV-01442-DAE, 2026 WL 1045931, at *2 (W.D. Tex. Apr. 16, 2026) (finding that although plaintiffs had not noticed the sheriff and county county-employed physician's depositions, even plaintiffs' limited discovery into Travis County records, policies, training materials, and so on would require their participation).

7.    Plaintiff's attempt to distinguish *Carswell* and *Citcheu* on the basis that those cases involved *Monell* claims misses the thrust of the holdings in both cases.[8] The rule established by the United States Supreme Court in *Iqbal*—and expanded by the Fifth Circuit in *Carswell* and applied in *Citcheu*—does not turn on the <u>type</u> of claim on which discovery is sought.[9] Rather, the focus of those opinions is whether permitting discovery to proceed would require participation by a defendant asserting qualified immunity.[10]

8.    As explained in *Iqbal*:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.[11]

9.    The relevant question is accordingly not what claim Plaintiff seeks discovery on. The relevant question is whether that discovery would draw Sgt. Reamer into the litigation.[12]

---

[8] *See* Pl.'s Resp. to Defs.' Joint Opp. Mot. to Stay Discovery, Dkt. 28, ¶¶ 7–9 (noting that *Citcheu* did not involve ADA or Rehabilitation Act claims); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citations omitted) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'").

[9] *See, e.g.*, *Congious*, 690 F. Supp. 3d at 583.

[10] *See Carswell v. Camp*, 54 F.4th 307, 313 (5th Cir. 2022) (rejecting the argument that discovery may proceed merely because the immunity-asserting defendant would participate in his official capacity anyway and holding that compelling such participation undermines qualified immunity by imposing additional litigation burdens); *Citcheu*, No. 1:25-CV-01442-DAE, 2026 WL 1045931, at *2 (finding that although plaintiffs had not noticed the sheriff and county county-employed physician's depositions, even plaintiffs' limited discovery into Travis County records, policies, training materials, and so on would require their participation).

[11] *Iqbal*, 556 U.S. at 685–86.

[12] *See id.* at 685 (emphasizing that its "rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity."); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive.").

---

10.     Here, it plainly would. Depending on this Court's rulings, Plaintiff has either plausibly pled that he was either arrested in retaliation for a protected activity, or Sgt. Reamer is entitled to qualified immunity because probable cause existed to arrest him for witness tampering. That dichotomy will necessarily require inquiry into Sgt. Reamer's investigation, the information she received, her communications with witnesses, her assessment of the evidence, and the basis for the warrant application.

11.     Thus, pursuant to the clear direction from the Supreme Court and the Fifth Circuit, Defendants respectfully request that this Court issue an order staying all discovery in this matter until the resolution of the qualified immunity issues.

## II.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants County of Guadalupe, Texas, and Guadalupe County Sergeant Elaine Michelle Reamer respectfully request that this Court issue an Order staying all discovery in this case, pending the Court's qualified immunity ruling, and request such other and further relief to which Defendants may show themselves to be justly entitled, at law and in equity.

Respectfully submitted,
**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By:      /s/ Stephen B. Barron
Stephen B. Barron
State Bar No. 24109619
sbarron@w-g.com
Blair J. Leake
State Bar No. 24081630
bleake@w-g.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July 2026, a true and correct copy of the foregoing document was caused to be served upon the following *Pro Se* Plaintiff via E-File/E-Service (CM/ECF) and/or E-Mail, in accordance with the Federal Rules of Civil Procedure, as follows:

James Louis Roden Jr.
1005 Beaumont Street
League City, Texas 77573
(210) 482-0802
jimlouisroden@gmail.com
*Plaintiff, Pro Se*


       /s/ Stephen B. Barron
Stephen B. Barron