**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

JAMES LOUIS RODEN, JR.,
Plaintiff,

v.

ELAINE MICHELLE REAMER and
GUADALUPE COUNTY, TEXAS,
Defendants.

**Civil Action No. 5:26-cv-00054-XR**

# EXHIBIT B

## DEFENDANT REAMER'S RULE 12(b)(6) MOTION TO DISMISS

**Roden Sr. v. Reamer**
**No. 5:26-cv-00081-XR**
United States District Court, Western District of Texas

San Antonio Division

Attached to Plaintiff's Motion for Judicial Notice

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN SR.,<br>*Plaintiff*,<br><br>v.<br><br>ELAINE MICHELLE REAMER, and<br>COUNTY OF GUADALUPE, TEXAS<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Case No. 5:26-cv-00081-XR |

**DEFENDANT ELAINE REAMER'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, **Guadalupe County Sergeant Elaine Michelle Reamer** (hereinafter Sgt. Reamer) now files this Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 13), because Plaintiff has failed to plead facts that overcome Sgt. Reamer's entitlement to qualified immunity. In support, Sgt. Reamer would show the Court as follows:

## I. INCORPORATED EVIDENCE

1. The facts articulated *infra* can be ascertained from: (1) Plaintiff's 38-page complaint and (2) the alphanumeric exhibits that Plaintiff attached to his Complaint. These exhibits were labeled as **Exhibit A through I**, for a total of nine exhibits.[1] This Court can consider evidence from the exhibits Plaintiff attached to his Complaint even at the 12(b)(6) stage of litigation.[2] Furthermore, "a court may consider documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the plaintiff's claims."[3]

2. Here, Plaintiff attached as Exhibit E[4] "text cop[ies]" of affidavits from his former son-in-law Cody Koelle and his wife Andrea Koelle, and an electronically filed Petition for Protection filed in Ford County District Court by Cody Koelle—which included a Verification form averred on March 4, 2025. Sgt. Reamer accordingly attaches the full and complete version of these documents as **Exhibit 1** to this motion to dismiss.[5]

## II. IDENTIFICATION OF LIVE PLEADINGS & SUMMARY OF CLAIMS

### A. Plaintiff pleads that his case against Sgt. Reamer arises out of criminal proceedings against his son-in-law Michael Walker and his daughter Jamie Walker stemming from Michael's rape and impregnation of his granddaughter Shelby. During these proceedings, Shelby Koelle went to live with her brother Cody. Relevant here, Plaintiff pleads that he simultaneously did not know Cody could be a witness and that he knew Cody had signed an affidavit supporting Jamie in her criminal case.

3. Plaintiff Roden Sr. pleads that his lawsuit against Sgt. Reamer stems from the underlying criminal prosecution of his son-in-law Michael Walker and his daughter Jamie Walker. Plaintiff

---

[1] *See* Pl. 1st Am. Compl. pg. 1, Dkt. 13; *see also* Dkt. 13-1 through Dkt. 13-9.
[2] *See Scott v. White*, No. 1:16-CV-1287-RP, 2018 WL 2014093, at *1 (W.D. Tex. Apr. 30, 2018) (citing *Hartman v. Walker*, 685 F.App'x 366, 368 (5th Cir. 2017)).
[3] *Emerald Aerospace, LLC v. Boeing Co.*, No. 3:22-CV-0717-B, 2022 WL 16701941, at *3 (N.D. Tex. Nov. 3, 2022).
[4] *See* Exhibit E, pgs. 1 – 9, Dkt. 13-5.
[5] **Ex. 1**, *Aff.'s of Cody & Andrea Koelle & Pet. for Protection Order*, **pgs. 1 – 11**.

pleads that Michael was charged with "six first-degree felony counts of aggravated sexual assault" for raping Plaintiff's granddaughter Shelby Koelle.[6] His daughter, Jamie, also faced charges as a result, and Plaintiff pleads that his "role was limited and noncriminal" and that he did nothing other than transport his daughter "to court proceedings…".[7]

4. During the pendency of these criminal charges, Plaintiff's exhibits reveal that Shelby moved to Kansas to live with her brother Cody Koelle and Cody's wife Andrea Koelle in 2024.[8] Plaintiff pleads he had "almost no contact with Cody Lane Koelle" at the relevant times. Plaintiff then contradicts himself and simultaneously claims that he "did not know Cody was being treated as a witness" in the criminal proceeding, but in the next breath Plaintiff admits that he believed "Cody had signed an affidavit in November 2024 supporting his mother, Jamie Walker, not Michael Walker."[9]

**B. Affidavits purporting to be from Cody and Andrea Koelle directly accused Plaintiff of coercing them to lie as witnesses in these criminal proceedings. Similarly, Cody appeared to file a Petition for Protection in Ford County District Court directly accusing Plaintiff of using money or force to coerce them to draft a letter containing lies.**

5. Plaintiff's incorporated exhibits reveal that on January 31, 2025, both Cody and Andrea appeared to aver to affidavits that accused Plaintiff and his son James Roden Jr. of waging a relentless pressure campaign "to sign an affidavit that they drafted."[10] Specifically, Cody appeared to aver that "[m]y uncle, James, my aunt, Kimberly and my grandfather on Jamie's side [Plaintiff] have been contacting us repeatedly to sign the statement that they drafted themselves."[11] Andrea

[6] *See* Pl. 1st Am. Compl. ¶¶ 1 – 2, Dkt. 13.
[7] *Id*. at ¶ 2.
[8] *See* Exhibit F, pg. 3, Dkt. 13-5.
[9] *See* Pl. 1st Am. Compl. ¶ 2, Dkt. 13.
[10] **Ex. 1**, *Aff.'s of Cody & Andrea Koelle & Pet. for Protection Order*, **pg. 3**.
[11] *Id*. at pg. 4.

purported to aver that "[m]y husband and I are very uncomfortable and in fear of Jamie's family. Knowing what we know from personal experience we are afraid that the family is going to retaliate if we do not cooperate with their demands by calling CPS on Cody and I."[12] Plaintiff now pleads that Cody later recanted or disputed ever signing any affidavit in this case.[13]

6. Later, on March 4, 2025, Cody Koelle appeared to file a Petition for Protection in the State of Kansas in Ford County District Court.[14] Within, the Petition stated that "[t]his week at 12:32pm when [the Roden] family called and texed [sic] me asking me to write a letter lieing [sic] saying that she [Jamie] has not been in conact [sic] with my sister [Shelby] when she has [sic] having are [sic] granddad threaten us by saying if he looses [sic] 40,000$ [sic] he going to come done [sic] cracking hard."[15]

7. Plaintiff pleads that he was "shocked and surprised" when he was arrested on April 7, 2025, while taking his daughter to a pretrial hearing. He pleads that he was arrested on first-degree felony witness-tampering charges.[16]

**C. Plaintiff now pleads that he was wrongfully arrested for witness tampering under Texas Penal Code §36.05, pursuant to a warrant issued by Sgt. Reamer on April 7, 2025**.

8. Plaintiff now pleads that he was wrongfully arrested for witness tampering pursuant to a warrant issued by Sgt. Reamer. Specifically, Plaintiff pleads with incorporated Exhibit G that Cody disclaimed ever signing <u>any affidavit</u> at Michael Walker's sentencing hearing on June 18. He

---

[12] *Id*. at pg. 6.
[13] *See* **Exhibit G,** pg. 2, Dkt. 13-9.
[14] *Id*. at pg. 7.
[15] *Id*. at pg. 9.
[16] *See* Pl. 1st Am. Compl. ¶¶ 3, Dkt. 13.

pleads that "[i]f Cody testified truthfully, the County relied on unauthenticated or misattributed affidavits" to arrest him for witness tampering.[17]

9. As probable cause to arrest Plaintiff for the offense of witness tampering pursuant to Texas Penal Code §36.05, Sgt. Reamer averred that:

> From 3/17/2025, I have been receiving documentation from the Guadalupe County Attorney's Office that they had received from Michael Walker's attorneys. In the affidavit written by Cody, he stated the Defendant told him if he lost $40.000.00, "he going to come don cracking hard". Included in the file, is an affidavit from Cody's wife, Andy. Andy stated Cody and her are in fear of Jamie's family. Andy advised they are afraid the family will retaliate if they did not cooperate with their demands and call Child Protective Services on the couple. I was advised by Guadalupe County Attorney's Office that Cody had told them repeatedly that the Defendant stated he would call Child Protective Services on him and have his children removed if he did not side with Jamie and sign the affidavits that had been sent to them. Based on the facts and circumstances established in this affidavit, I believe there is probable cause that James Louis Roden SR committed offenses against the laws of the State of Texas as described above.[18]

10. Sgt. Reamer's probable cause affidavit was signed by the 25th District Judge of Guadalupe County, and a warrant for Plaintiff's arrest was issued the same day on April 7, 2025.

11. Now Plaintiff sues Sgt. Reamer. At bottom, Plaintiff asserts that Sgt. Reamer should not have relied on what appeared to be sworn testimony from Cody and Andrea—both their affidavits and in a Court filed document. Sgt. Reamer now files this 12(b)(6) Motion to Dismiss, because she is entitled to qualified immunity from all of Plaintiff's claims.

## III. LEGAL STANDARD

### A. Standard for Dismissal under Rule 12(b)(6).

12. Pursuant to Rule 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted.[19] "To survive a motion to dismiss, a complaint must contain sufficient

---

[17] *Id*. at ¶ 10.
[18] *See* **Exhibit A,** pg. 4, Dkt. 13-1.
[19] FED. R. CIV. P. 12(b)(6).

factual matter, accepted as true, to state a claim to relief that is plausible on its face."[20] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] "To withstand a Rule 12(b)(6) motion, [a] complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do."[22]

**B. Qualified immunity Standard at the 12(b)(6) stage.**

13. Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss an action barred by qualified immunity based on the pleadings.[23] Pursuant to recent Fifth Circuit precedent, *Carswell v. Camp*, a district court "may not defer ruling" on a motion to dismiss that asserts qualified immunity.[24] The doctrine of qualified immunity shields government officials from liability "so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[25] "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate" that the defense does not apply.[26]

14. A plaintiff seeking to defeat qualified immunity must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the

---

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[21] *Iqbal*, 556 U.S. at 678.
[22] *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).
[23] *See Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 793 (W.D. Tex. 2016).
[24] *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), cert. denied, No. 22-959, 2023 WL 6377808 (U.S. Oct. 2, 2023).
[25] *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).
[26] *Id*. (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)).

challenged conduct."[27] "A right is clearly established only if relevant precedent has placed the constitutional question beyond debate."[28]

## IV. ARGUMENTS & AUTHORITIES

**A. Sgt. Reamer is entitled to qualified immunity for all of Plaintiff's claims of false arrest or malicious prosecution—because Plaintiff's Complaint and accompanying exhibits reveal that Sgt. Reamer had probable cause to arrest Plaintiff for witness tampering. Furthermore, Plaintiff has failed to plead facts that vitiate the protections of the independent intermediary doctrine.**

15. "The constitutional claim of false arrest requires a showing of no probable cause."[29] Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, the suspect has committed the offense.[30] In addition, when an arrest is made subject to a warrant that was issued after a probable cause affidavit was signed by an independent intermediary "such as a magistrate" the independent intermediary doctrine further insulates the initiating officer from liability.[31] Thus, a plaintiff arrested subject to a warrant must plead and establish an exception to the independent intermediary doctrine.

16. "*Franks* and *Malley* [serve] as functional exceptions to the independent intermediary doctrine."[32] Under *Malley v. Briggs*, a plaintiff must plead facts that establish they were arrested "by a warrant when the affidavit presented to the magistrate was so lacking in indicia of probable cause as to render official belief in its existence unreasonable."[33] The claim does not turn on an

---

[27] *Id*.
[28] *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).
[29] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).
[30] *Id*. (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).
[31] *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017).
[32] *Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022).
[33] *Mayfield v. Currie*, 976 F.3d 482, 487 (5th Cir. 2020).

allegation that false evidence was presented. Rather, a *Malley* claim alleges that the affidavit's truthful evidence failed to establish "the probable cause required for the issuance of a warrant."[34]

17. Conversely, under *Franks v. Delaware*, a plaintiff must plead facts supporting all three elements of the claim. Those elements are: "(1) the affidavit supporting a warrant contained false statements or material omissions; (2) the affiant made such false statements or omissions knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statements or material omissions were necessary to the finding of probable cause."[35]

18. Under Texas law, "[t]he pertinent elements of the criminal offense of witness tampering are: (a) a person (b) with intent to influence a witness (c) coerces a witness (d) in an official proceeding (e) to testify falsely."[36] Here, Sgt. Reamer truthfully averred in her probable cause affidavit that she had reviewed sworn affidavits purporting to be from Cody and Andrea Koelle. The affidavits were signed and notarized and accused Plaintiff of witness tampering. Furthermore, Sgt. Reamer's probable cause affidavit truthfully recited the allegations contained in the Petition for Protection that appeared to have been filed by Cody Koelle in a District Court in Kansas. That petition included a verification page with a signature and it directly accused Plaintiff of witness tampering. Specifically, when asked to describe the incident forming the basis for the Petition for Protection, Cody purported to aver that his sister's granddad—i.e. Plaintiff—had threatened him and his family with violence and attempted to coerce them with money if he did not write a letter containing lies to support Plaintiff's daughter Jamie.[37]

---

[34] *Id.*
[35] *Laviage v. Fite*, 47 F.4th 402, 406 (5th Cir. 2022).
[36] *Gaia Envtl., Inc. v. Galbraith*, 451 S.W.3d 398, 408 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *see also Mitchell v. State*, 572 S.W.3d 303, 307 (Tex. App.—Texarkana 2019, no pet.) (holding it is undisputed that contacting a witness repeatedly in order to get them to lie is witness tampering).
[37] **Ex. 1**, *Aff.'s of Cody & Andrea Koelle & Pet. for Protection Order*, **pg. 9**.

19. In his Complaint, Plaintiff alleges a litany of criticisms of Sgt. Reamer's affidavit, but they are all immaterial, as none amount to material falsehoods or omissions made with an intentional or reckless disregard for the truth. First, in *Freeman*, the Fifth Circuit affirmed that an officer's "reliance upon the exact wording of [witnesses'] sworn statements is undoubtedly reasonable" when drafting a probable cause affidavit.[38] The *Freeman* Court held that this is true even if those affiants later recant because the officer "simply could not have predicted their later recanting."[39]

20. This case tracks the fact pattern presented to the Southern District of Texas in *Tinoco*. In that case, the Court dismissed a plaintiff's §1983 lawsuit that also asserted he was wrongfully arrested for witness tampering due to a *Franks* violation in the probable cause affidavit.[40] In dismissing that suit, the *Tinoco* Court held that the plaintiff had failed to plead any facts that supported an inference that the officer intentionally or recklessly lied.[41]

21. Specifically, the Court held that it was immaterial that the officer was allegedly provided with a "false statement" by a witness, or that the plaintiff denied "the substance of the affidavit" that accused him of witness tampering.[42] At bottom, the court found that "[a]s explained in *Franks*, the facts recited in a warrant affidavit need not be necessarily correct, but it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true."[43]

22. Here, Sgt. Reamer's probable cause affidavit was "truthful" because it faithfully conveyed the allegations contained within signed, sworn and notarized affidavits. Under *Freeman*, Sgt.

---

[38] *Freeman v. Cnty. of Bexar*, 210 F.3d 550, 555 (5th Cir. 2000).
[39] *Id*.
[40] *Tinoco v. City of Hidalgo, Tex.*, No. 7:23-CV-136, 2023 WL 5338146, at *5 (S.D. Tex. Aug. 18, 2023), aff'd, No. 23-40543, 2025 WL 655079 (5th Cir. Feb. 28, 2025).
[41] *Id*. at. *5 – *6.
[42] *Id*. at *5.
[43] *Id*.

Reamer was permitted to rely on those affidavits even if Cody later recanted. Sgt. Reamer is therefore entitled to qualified immunity on the first prong of the defense on Counts I and II of Plaintiff's original complaint—because Plaintiff has failed to plausibly plead a *Franks* exception to the independent intermediary doctrine.

**B. Plaintiff has not plausibly plead First Amendment retaliation against Sgt. Reamer.**

23. "To establish a claim for retaliatory arrest in violation of the First Amendment, a plaintiff must show (1) engagement in a constitutionally protected activity; (2) an injury caused by the defendant's actions that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse actions were substantially motivated by the plaintiff's exercise of constitutionally protected activity. As the Supreme Court recently clarified, the presence of probable cause generally defeats a First Amendment retaliatory arrest claim."[44]

24. As established *supra*, Sgt. Reamer had probable cause to arrest Plaintiff for witness tampering. Since "that conclusion defeats a First Amendment retaliatory arrest claim [Plaintiff] cannot overcome [Sgt. Reamer's] assertion of qualified immunity."[45]

**C. No clearly established law placed Sgt. Reamer on notice that her conduct was unconstitutional.**

25. The second prong of the qualified immunity question, "whether the officer violated clearly established law—is a doozy."[46] The §1983 plaintiff bears the burden of proof, "[a]nd that burden is heavy: A right is clearly established only if relevant precedent has placed the constitutional questions beyond debate."[47] In *Morrow*, the Fifth Circuit exhaustively laid out the "four applicable

[44] *Chuttoo v. Horton*, 627 F. Supp. 3d 655, 676 (E.D. Tex. 2022) (citing *Cass v. City of Abilene*, 814 F.3d 721, 729 (5th Cir. 2016) (per curiam) (citing *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)).

[45] *Id*. at 678.

[46] *Morrow*, 917 F.3d at 874.

[47] *Id*.

commandments" that a plaintiff must satisfy to establish that the constitutional question is "beyond debate."[48] Three of the four are relevant here.

26. **First**, the relevant constitutional question must be framed with specificity and granularity.[49] The Supreme Court has "repeatedly told courts not to define clearly established law at [that] high level of generality."[50] "Rather, the dispositive question is whether the violative nature of *particular* conduct is clearly established."[51] **Second**, clearly established law comes only from holdings, not dicta.[52] This is because "officers are not charged with memorizing every jot and tittle [the courts] write to explain [their orders]."[53]

27. **Finally**, courts "must think twice before denying qualified immunity." "Because of the importance of qualified immunity to society as a whole, the Supreme Court often corrects lower courts when they wrongly subject officers to liability."[54]

28. It is Plaintiff's burden to provide this Court with clearly established law to the contrary that has "placed the constitutional question beyond debate."[55] Plaintiff cannot meet this burden even at the 12(b)(6) stage. Sgt. Reamer is accordingly entitled to qualified immunity on all of Plaintiff's claims.

## V. PRAYER

[48] *Id*.
[49] *Id*.
[50] *Id*. (citing *Ashcroft v. Al-Kidd*, 563 U.S. 731, 742 (2011)).
[51] *Id*. (emphasis original) (citing *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)).
[52] *Id*. at 876.
[53] *Id*. at 874.
[54] *Id*.
[55] *Morrow*, 917 F.3d at 874.

WHEREFORE PREMISES CONSIDERED, Defendant, Elaine Reamer, respectfully requests that the Court dismiss Plaintiff's claims against her for failure to plead a plausible claim, and for all other and further relief to which she may be justly entitled in either law or equity.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By: /s/ Stephen B. Barron
Stephen B. Barron
State Bar No. 24109619
sbarron@w-g.com
Blair J. Leake
State Bar No. 24081630
bleake@w-g.com

**ATTORNEYS FOR DEFENDANT ELAINE REAMER**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June 2026, a true and correct copy of the foregoing document was caused to be served upon all counsel of record via E-File/E-Service and/or E-Mail, in accordance with the Federal Rules of Civil Procedure.

/s/ Stephen B. Barron
Stephen B. Barron